Desmond, J.
The People appeal from an order of the County Court, Jefferson County, which reversed a judgment of a Court of Special Sessions of the Town of Ellisburg in that county after a trial before a Justice of the Peace without a jury, convicting defendant of the traffic infraction of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. The County Court order, which includes by reference the County Court’s opinion, constitutes a reversal on the facts and the ,law. As to the law reversal, we hold that the County Court was in error especially in view of People v. Heyser (2 N Y 2d 390, decided March 8, 1957).
We take up first that alleged error of law which, the County Court said, requiréd a reversal. The arresting policeman, a State trooper who was the only witness for the People, testified that he followed defendant’s car for about 2 miles in a 50-mile speed zone and that the speedometer on the officer’s car showed speeds between 65 and 70 miles per hour (see Vehicle and Traffic Law, § 56, subd. 3, supra). The officer then testified that his opinion, based on his experience of many years, was that defendant’s car was traveling in excess of 60 miles per hour. Then the officer was allowed over objection to testify that on a date about six weeks before this arrest the speedometer on *655 the State car that he was driving at the time of this arrest had been calibrated or checked as to accuracy at a service station where State Police cars were customarily so checked. The officer’s testimony was that he stood by and watched while the employee of the service station checked the State car’s speedometer against a master speedometer and that the two speedometers registered the same speed. In People v. Heyser (2 N Y 2d 390, 393, supra) we held that “ evidence of the reading of an untested speedometer without more would be insufficient to sustain a conviction for speeding”. However, in Heyser, we held at least by implication that evidence as to what even an untested speedometer showed was admissible. We must, therefore, reject the conclusion reached by the County Judge that the receipt in the present case of the evidence of speedometer testing was an error of law.
Besides reversing for the alleged error of law mentioned in the paragraph next above, the County Judge reviewed the testimony and held that the trial court’s finding of guilt was against the weight of evidence. As his opinion makes clear, he, having already ruled that the speedometer testing evidence was inadmissible, made his conclusion as to weight of evidence with that testing testimony omitted. Such a reversal on the facts and the resulting setting aside of the conviction and remission of the fine and dismissal of the information would ordinarily be within the power of the County Court (Code Crim. Pro., § 764). And ordinarily this court could not disturb it. But in this case, as we have seen, the County Court’s holding that the weight of evidence favored defendant’s side was made after the County Court had erroneously eliminated from the record the proof that the speedometer had been tested and found correct. Had the County Court acted on that testimony, also, the County Court might — we do not know — have come to a different result as to the facts. Accordingly, the case must be remitted to the County Court for reconsideration and redetermination on the facts.
The order should be reversed and the case remitted to the County Court for further proceedings not inconsistent with this opinion.
Conway, Ch. J., Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Order reversed, etc.