[Civ. No. 18504. First Dist., Div. One. Apr. 18, 1960.]

VELMA G. FRAMPTON, an Insane Person, etc., Respondent,
v. H. F. HARTZELL et al., Appellants.

Campbell, Custer, Warburton & Britton and George A. Strong for Appellants.

Crist, Peters & Donegan and John M. Brenner for Respondent.

BRAY, P. J.—Defendants appeal from a judgment, after jury verdict, in favor of plaintiff for $27,000 for personal injuries.

## QUESTIONS PRESENTED

Admissibility of evidence (a) Doctor Tempey's testimony as to opinion of hospital staff members as to cause of insanity; (b) hospital record on same subject; (c) effect of error.

## RECORD

Plaintiff and her son were in their automobile, and while stopped at a traffic light, the car was struck from the rear by a car driven by defendant Hartzell and owned by defendant Maydwell and Hartzell, Inc. There was a conflict in the evidence as to the force of the impact. Apparently plaintiff did not realize she had been injured. Approximately three weeks thereafter she sought medical assistance. The diagnosis of Doctor Grannis, who examined her, was that she had a whiplash injury to the neck with ligamentous and myo-facial

strains. From then on she was examined by several doctors, hospitalized for a time, put in traction, given a cervical brace and received considerable medical treatment, including the cutting of her occipital nerve, in an endeavor to alleviate the excruciating pain she was suffering. She spent over two months in a Livermore sanitarium and was declared to be paranoid. After attempting suicide she was admitted to Agnews State Hospital where she remained at the time of the trial.

The sole factual issue in the case was whether or not plaintiff's insanity was the result of the accident.

(a) *Doctor Tempey's Testimony:*

 It appeared from his testimony that plaintiff's counsel had requested in connection with his preparation of the case for trial an opinion from the medical staff of Agnews State Hospital (Doctor Tempey was a supervisor-psychiatrist there) as to whether her insanity was the result of the accident. A staff meeting was then held for this purpose. Four of the staff members, of whom Doctor Tempey was one, had had personal contact with the case after plaintiff's arrival at the hospital. The other four members did not. Doctor Tempey was asked, ". . . what was the result of that meeting?" Defendants objected on the ground that the question was irrelevant, incompetent and immaterial. A discussion was then had in chambers in which defendants' counsel stated that he had no objection to Doctor Tempey giving his opinion but his objection was to the doctor stating the opinion of the others on the ground that it was hearsay. The court then overruled the objection. On return to the presence of the jury the doctor proceeded to testify that in addition to his own opinion it was the opinion of all but one of the staff that the "automobile accident . . . was a contributing factor in the patient's mental illness which required her commitment to this hospital." The testimony concerning the opinion of the other doctors was obviously hearsay and therefore incompetent. See *Gromeeko* v. *Gromeeko,* 110 Cal.App.2d 117, 127 [242 P.2d 41], holding that a patient's testimony as to her doctor's statement to her concerning her mental condition was hearsay and incompetent evidence; also *Village of Ponca* v. *Crawford,* 18 Neb. 551 [26 N.W. 365], holding that the opinion of other doctors rendered after a consultation may not be given by one of the doctors. The reason for this is obvious. The opportunity of cross-examining the other doctors as to the basis for their opinion, etc., is denied the party as to whom the testimony is adverse. See

774

also *Lindsay* v. *Baltimore & Ohio R. Co.*, (1954), 98 Ohio App. 63 [128 N.E.2d 242, 247-248]; *Prince* v. *Lowe* (1955), 263 Ala. 410 [82 So.2d 606].

(b) *Hospital Records:*

 In cross-examining Doctor Tempey defendants' counsel had been using the Agnews Hospital record. On re-direct examination, Mr. Peters, plaintiff's counsel, asked, "This is the original record of which Mr. Custer [defendants' counsel] has been using a copy; is it not?" The witness stated that it was. Mr. Peters said, "And I will offer——" and interrupted himself to ask the witness if he had to have the record back. The witness replied that he could leave it if he had a receipt for it. Apparently considering that the record had been offered, Mr. Custer stated, "I will object. . . ." The court asked him the basis of the objection. He stated: "Apparently, it is an incomplete record so the doctor tells me." Discussion concerning whether it was complete ensued and finally Mr. Peters offered the record stating that if any parts were missing defendants' counsel could supply them on stipulation. Thereupon the latter objected on the ground of "no proper foundation laid, . . ." The court overruled the objection and stated ". . . apparently, it [the record] is incomplete as to some part, Mr. Custer appearing to have some portion of it; is that correct?" Mr. Custer then stated: "Well, the doctor has one and he stated this letter from Mr. Frampton is not in there. I don't know what other— *in other words, there is no proper foundation,* Your Honor, that *this is* the record kept in the course and scope under the business records Act." (Emphasis added.) The court then asked the doctor if the record was "kept in the course and scope concerning the care and treatment" of plaintiff. The witness said it was. Mr. Custer then asked the witness if a certain document which he understood was not in the record was there. On being assured that it was, Mr. Custer stated, "Oh, okay. I have no objection." The court then again ordered the record admitted.

It is clear from the record that defendants at no time properly objected to the admission of the hospital records. It must be remembered that there could be no question as to the admissibility of the records, except possibly as to the small portion thereof which stated the opinions of the staff to the effect that the accident contributed to plaintiff's then mental condition. Hospital records are business records within the meaning of the Uniform Business Records As

Evidence Act, section 1953f of Code of Civil Procedure. (*Loper* v. *Morrison* (1944), 23 Cal.2d 600, 608 [145 P.2d 1].)

█ Defendant's counsel himself prior to their admission in evidence used the other portions of the records in cross-examination of Doctor Tempey. At no time was the court requested to rule upon the admissibility of the limited portion of the records as distinguished from the admissibility of the rest. While twice in the colloquy between court and counsel, defendants' counsel did object that no proper foundation had been laid,* it clearly appears that he meant that the record was incomplete, not that a limited portion of the record was not admissible. The court undoubtedly understood it that way, as did defendants' counsel, for when it appeared that the document which defendants' counsel thought was missing was in the record, said counsel stated "no objection."

█ "[E]rror cannot be predicated on the overruling of an objection when the *particular grounds* of the objection are not stated, unless they are obvious, or otherwise known to the court. 'To entitle an objection to notice, it must not only be on a material matter, affecting the substantial rights of the parties, but its point must be particularly stated. This is not only a statutory regulation, but it is the uniform rule, so far as we are aware, of all Courts of Record. The party, as the authorities say, must lay his finger on the point of his objection to the admission or exclusion of evidence.'" (*Kirkpatrick* v. *Tapo Oil Co.* (1956), 144 Cal. App.2d 404, 411 [301 P.2d 274].) (Emphasis added.)

█ Defendants now contend that the objection they made to the admission of Doctor Tempey's oral statement as to the conclusions of the other staff members, having been overruled it was not necessary for them to object specifically to the admission of the hospital records. There are two answers to that. (1) An objection to oral testimony cannot count as an objection to documentary evidence thereafter offered, except, perhaps, where the witness is testifying from a writing made by himself. (2) The only objection made to

---

*It is defendants' contention that the objection that the foundation was not laid is sufficient to raise the question as to whether the portion of the records giving the opinion of the staff as to the cause of plaintiff's condition was made in the course and scope of the hospital's business. They claim that giving opinions for the information of a litigant in a law suit is no part of the hospital's business. We deem it unnecessary to discuss this contention for the reason as shown above that the objection did not raise the question.

Doctor Tempey's testimony was that it was hearsay. It was hearsay, to which there is no exception. Hence the objection was good. While, too, business records are hearsay, nevertheless they are admissible as being an exception to the hearsay rule, hence an objection only that they are hearsay is not a valid objection. See *Kirkpatrick* v. *Tapo Oil Co., supra,* 144 Cal.App.2d 404, 410, dealing with another exception to the hearsay rule—ancient documents. See also *Bank of America* v. *Taliaferro,* 144 Cal.App.2d 578, 582 [301 P.2d 393], holding: "The objection that the evidence is *hearsay,* incompetent, irrelevant and immaterial is insufficient to reserve for purpose of appeal the ground of lack of foundation or lack of proof of due execution" of a written instrument. (Emphasis added.) Witkin, California Evidence, page 738, states: "It is often said that an objection which specifies the *wrong ground* is as bad as an insufficient general objection; i.e., urging of the one ground is a waiver of any others." Because there was no proper objection made to the introduction of the hospital records (even the objection which was made was withdrawn), there was no error in the admitting of those records.

 This brings us to the question,

(c) *Was the error in admitting Doctor Tempey's testimony concerning the opinion of the staff members prejudicial?*

We think not, for the reason that the same evidence came before the jury without objection, as we have pointed out. Thereby the error was cured.

 "[W]here . . . independent and competent evidence to substantially the same effect from other witnesses is placed before the jury the erroneous admission of such cumulative evidence is ordinarily not prejudicial." (*Kalfus* v. *Fraze* (1955), 136 Cal.App.2d 415, 423 [288 P.2d 967]. This is such a case. See also *Mullanix* v. *Basich* (1945), 67 Cal.App. 2d 675, 679 [155 P.2d 130].)

 There was substantial evidence that plaintiff's continual pain and physical condition were the result of the accident. Doctor Tempey so testified, as did Doctor Browne. Doctor Lee, while he could not say that the whiplash injury caused her mental breakdown, did say that a whiplash injury could aggravate a nervous condition and that plaintiff's mental condition was greatly aggravated by constant pain and that he could not help feeling that her period of pain had something to do with her mental breakdown.

 Considering the pain and suffering that plaintiff ex-

perienced, her operation, the months of treatment, including the operation upon her occipital nerve, her nervous and mental condition and the fact that her special damages were $5,287.56, the jury's award of $27,000 cannot be considered excessive.

Analyzing the testimony of all the doctors who testified, it appears that in effect they all agreed that the whiplash injury caused or could have caused plaintiff great pain and suffering, and a disturbed mental condition, and that even without knowledge that six other staff members had agreed with Doctor Tempey's conclusion, the jury could hardly have found against plaintiff or have awarded any sum less than that awarded. Therefore, we conclude that the error was not prejudicial.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.