# State of Connecticut *v.* Wasyl Holota

## Appellate Division of the Circuit Court

File No. MV 12-4962

Argued October 26, 1962—decided March 18, 1963

*William C. Bieluch* and *David M. Barry,* both of Hartford, for the appellant (defendant).

*Eugene T. Kelly,* prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was found guilty, after trial to a jury, of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227 of the General Statutes. In his appeal the defendant has made a number of assignments of error, and these will be considered seriatim.

He first claims that the court erred in failing to make a finding. There had been a request for a finding, with draft finding annexed, followed by a counterfinding, all in accordance with our rules. Cir. Ct. Rules 7.32.1, 7.32.2. The court then made and filed what was incorrectly designated as "Draft Finding." This error in nomenclature may be disregarded. The body of the finding sets out the claims of proof by the state and the defendant and conforms in every respect to what is required by our rules. Cir. Ct. Rule 7.33.1. The situation here is in no way comparable to that in *Raughtigan* v. *Norwich Nickel & Brass Co.,* 86 Conn. 281, 287, in which case the court, after a trial to the jury, through inadvertence filed a finding as though the case had been tried to the court. On appeal, it was held that no possible prejudice could have resulted to the appellant, since the facts in controversy and such questions as were presented on appeal appeared with sufficient clearness in the record. This assignment is without merit.

The second claim of error is the denial of the defendant's motion to correct the finding. In a jury trial, the finding merely sets forth facts claimed to have been proved. It does not establish the truth or existence of the facts stated therein but only that there was evidence tending to prove their existence. "The finding, in case of a jury trial, will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court. Ordinarily the errors claimed relate to the charge, or to rulings upon the admission of evidence, or to the ruling of the court upon some motion made upon the trial." *State* v. *Gargano,* 99 Conn. 103, 106; Maltbie, Conn. App. Proc. § 160. Our examination of the finding, the motion to correct, and the claimed errors in the charge and in rulings on evidence fails to disclose that a fair presentation of the errors asserted requires any of the changes in the finding requested in the motion to correct. The action of the court in denying the motion was not erroneous.

In the fourth and fifth assignments of error, the defendant claims that the court incorrectly charged the jury as follows: "A violation of this statute is proved if the evidence shows that this accused at the time and place as charged operated his motor vehicle when, by reason of having drunk intoxicating liquor, he became so affected in his mental, physical, or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his motor vehicle. I will read that over again:——" and the court then repeated the foregoing verbatim. The error claimed is (1) that the charge was incorrect as related to the facts in this case and (2) the repetition unduly and prejudicially emphasized a particular aspect of the entire charge to the jury. As to the latter objection, no error can be found unless

the charge itself was incorrect or called for an erroneous application of a rule of law. The mere fact of repetition could not have prejudiced the defendant. See *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 475; Maltbie, Conn. App. Proc. § 80.

The charge is unexceptionable. The language is taken from the definition of the crime in *State* v. *Andrews,* 108 Conn. 209, 216; see also 2 Wright, Conn. Jury Instructions § 713 (d). The defendant does not attack the charge directly but appears to argue that under the peculiar circumstances of this case the charge, as a general statement of law, was insufficient and that on the facts the defendant could not have been found guilty beyond a reasonable doubt. We so state the question in order to place the issue raised in language most favorable to the defendant, in view of the absence in this appeal of any general assignment of error attacking the verdict and the judgment.

The facts, insofar as they relate to this point, may be summarized as follows: The defendant, while operating his automobile northerly on a divided highway, crossed the grass esplanade and drove northerly in the southbound lane. He was stopped by a state trooper, taken to troop headquarters and given the usual sobriety tests, which he failed. He had a strong odor of liquor on his breath. He admitted having consumed beer some time before the arrest. Upon being confined in a cell, he pounded on the bars, tore his blanket in strips and threatened to hang himself. He was removed to a hospital and, the second day after the arrest, was examined by Dr. Felber, a psychiatrist. Dr. Felber testified that, in his opinion, the condition of the accused, at the time of the arrest, was one of "pathological" intoxication, which could probably be produced by the ingestion of a "minute" quantity

of alcohol, and that in a state of pathological intoxication the alcohol cannot be considered the causative agent but rather a catalyst, without which the reaction cannot take place.

Such a finespun distinction is not contemplated by our statute. The test is the effect which alcohol has upon the individual and not the quantity of alcohol consumed. If the defendant was so affected by the ingestion of a "minute" amount of alcohol as to impair his ability to drive in an appreciable degree, as the jury had found, he was guilty. His solution may have been not to drink at all. The charge of the court was correct.

In the fifth paragraph, the defendant assigns error because the court failed specifically to charge the jury that the verdict must be unanimous. That the jury so understood their duty to be is evident from the question put to the jurors by the court after the verdict was rendered and their unanimous assent to the verdict. Whatever irregularity may have occurred in omitting the instruction on unanimity was cured by the court's inquiry and the affirmative response to the clerk's question whether all the jurors on their oaths found the accused guilty. If there was any further doubt, the defendant could have moved to poll the jury; this he did not do. See *State* v. *Tucker,* 146 Conn. 410, 415. This assignment of error is without merit.

The sixth paragraph, alleging error in a ruling of the court refusing to permit the accused to demonstrate what he did during the sobriety tests given him by the troopers, is obviously untenable. The conditions were not the same; the tests could not be reproduced.

The seventh claim of error is aimed at the denial of the defendant's motion to set aside the verdict.

Such a motion can prevail only because of insufficiency of the evidence. Maltbie, Conn. App. Proc. § 211. The evidence and the facts are to be taken in the light most favorable to sustaining the verdict. *State* v. *Waluk,* 24 Conn. Sup. 59, 60; Maltbie, op. cit. § 189. The motion was properly denied.

The third, eighth and ninth paragraphs relate to the presentation of the accused on the second part of the information, charging him as a second offender, and the finding of guilty thereon. Originally, the defendant had been arraigned on a uniform traffic ticket for violation of § 14-227. Before being put to plea he was warned that, if found guilty, he would then be presented on the second part of the information charging him with a prior conviction under the same statute. Practice Book § 340. He then pleaded not guilty and elected trial to a jury. Pursuant to Circuit Court Rule 3.15.1, the prosecutor prepared a substitute information. This is required in all such cases so that any prejudicial or irrelevant information appearing in the traffic ticket may not come to the attention of the jury. The accused was then informed of the second part and the charge therein and thereafter put to plea. The argument of the defendant is ingenious but unavailing. It is, in effect, that after his first plea the second warning prior to his being put to plea on the substitute information was in violation of Practice Book § 340, because it came after his plea. There was no necessity for the second arraignment except for possible technical reasons. There was only one prosecution, and the original plea of not guilty stood until the case was disposed of by judgment or otherwise. The defendant gains nothing by this assignment.

His final claim is that he was denied a hearing before a jury on the second part of the information.

It appears that the court misunderstood the nature of the proceeding and, having dismissed the jury, declared that the defendant was not entitled to a jury hearing. This error was immediately corrected; the defendant then waived a jury trial and elected to be heard by the court. Later, the prior conviction was admitted by stipulation. The statements of the court with reference to the proceeding on the second part were incorrect. They did not amount to erroneous rulings, however, because, notwithstanding the existing confusion, the defendant judicially admitted the essential fact of prior conviction. There was then no issue for trial by court or jury. While the proceeding was irregular, the defendant could not have been harmed by it.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.