STATE OF CONNECTICUT *v.* JOYCE L. PONTILLO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-62222

Submitted on record June 10—decided September 13, 1968

*Michael L. Riccio,* of Bridgeport, for the appellant (defendant).

*John P. Evans,* prosecuting attorney, for the appellee (state).

WISE, J. The information charged the defendant in the first count with the crime of speeding in violation of § 14-219 of the General Statutes; in the second count with passing on the right in violation of § 14-233; and in the third count with failing to stop for a signal light in violation of § 14-299. After a trial to a jury, the defendant was found guilty of the first and third counts and not guilty of the second count.

We point out that the defendant did not file a motion to set aside the verdict. See General Statutes § 52-225; Practice Book §§ 254, 800. We, therefore, are not asked, nor called upon, to decide whether the jury erred in concluding that the defendant was guilty as found. Nor is the issue of the propriety of the verdict raised. If the defendant wanted to present that issue, she should have moved to set aside the verdict. Practice Book §§ 600, 1023; Maltbie, Conn. App. Proc. § 182. This she did not do.

Although the defendant has assigned nine grounds of error in this appeal, none has been briefed. She has failed to file a brief. Practice Book § 1019 provides: "No claim of error not presented in a written brief duly filed need be considered." It is too well established to require any citations that an assignment of error not briefed is deemed abandoned and need not be considered. At the hearing before this court, there was no oral argument by either of the parties. They were "willing to submit the case on the record" and did so. By not briefing any of the assignments of error and by not presenting any oral argument thereon, the defendant has created a situation where there is nothing before this court to consider on the appeal. See *State* v. *Salvaggio,* 152 Conn. 716, 717. It has the effect of abandoning the appeal. Such a lack of compliance with our rules would justify a refusal to consider further each of the assignments of error. We want to emphasize that there should be full compliance with our rules. We have, however, with reluctance, and without setting any precedent, examined each assignment in order that no injustice result to the defendant. We note that the defendant has not pursued her appeal as to the third count, and we, therefore, consider it abandoned.

The record does not contain any written request to charge. Consequently, we consider on appeal

only the exceptions which were taken to the charge as given. *Gulia* v. *Ortowski,* 156 Conn. 40, 44; *State* v. *Mallette,* 153 Conn. 584, 587.

The first assignment of error is that the court erred in charging the jury with respect to the weight of the testimony of the police officer because there was no evidence indicating any experience by the police officer as to "clocking" motor vehicles and that the court prejudicially created a presumption of experience merely because he was a police officer. We have examined the transcript and find the contrary to be true. There was evidence indicating the officer's experience. The court charged: "[W]ith respect to the testimony of an officer, I would like to say that his testimony is entitled to no greater weight just because he is a police officer than the testimony of any other witness. But his testimony is subject to the same scrutiny, examination and weighing processes as you must give to the testimony of any other witness on the stand. Neither do I mean to imply that just because he is a police officer that his testimony should be suspect for any reason and you shouldn't believe him just because he is a police officer. On the other hand, you may take into consideration that this is his business and you may take into consideration his experience in police work in clocking motor vehicles." Even were we to assume that it would have been better for the court, in referring to the officer, not to have said "that this is his business," a reading of the entire charge establishes that this was not prejudicial or harmful to the defendant. A charge should be read as a whole. "An inadvertently inaccurate statement extracted from a charge by a process of critical dissection will not be regarded as reversible error unless it is reasonably probable that the jury would have been misled by it." *McMahon* v. *Bryant Electric Co.,* 121 Conn. 397, 406.

The second assignment of error is that the court erred in charging the jury with respect to the accuracy of the speedometer. The officer testified that the speedometer was calibrated once a month by the state police, but the calibration chart was not offered in evidence. The defendant moved to strike out the officer's testimony as to the defendant's speed on the ground that it was hearsay, and the objection was overruled by the court. In its charge, the court stated: "[U]nless there is some testimony that the speedometer was defective in the police car, you may continue to presume that it registered accurately unless there is some testimony in this case that indicates to the contrary, you may consider in arriving at this determination of accuracy what is a reasonable inference from monthly checking of speedometers, if you accept the officer's testimony that that was the practice and that's what was done in this case." The court then went on to state that it was a question of credibility whether to accept the officer's testimony as to the speed the defendant was traveling or the defendant's testimony that she was traveling at a lesser speed. The persuasive force of the officer's testimony, including any inferences reasonably to be drawn from it, was a matter for determination by the jury. The speedometer was tested approximately one month before the arrest. "In a prosecution for driving a motor vehicle above the speed limit, testimony of an officer 'making a clock' of the reading of his speedometer is prima facie evidence of violation of the speed laws on which the court can act, even though no evidence of the accuracy of the speedometer is introduced." *State* v. *Tarquinio,* 3 Conn. Cir. Ct. 566, 568. The case of *State* v. *Ellis,* 5 Conn. Cir. Ct. 190, is distinguishable on the facts of calibration from the *Tarquinio* case and does not overrule the *Tarquinio* case. The calibration chart should have been produced. The fail-

ure to do so merely goes to the weight and credibility of the officer's testimony. We hold the court did not err.

The third assignment of error relates to the charge by the court in reply to a question submitted by the jury. The arresting officer did not put the speed on the summons issued to the defendant. The question was, "Is it normal practice with the Fairfield Police Department to delete the speed and posted limit on the summons?" The defendant was put to plea on a substitute information. The short answer to the defendant's claim is that a summons is not an information. We have, however, examined the court's answer to the question submitted and find no error. The court correctly, and at great length, called the jury's attention to the fact that there was no evidence that the speed and posted speed were deleted but added later by the officer on his ticket, and that there was no requirement that the speed be mentioned in the summons but merely that the accused be apprised of the offense for which the summons was issued; and the court again informed the jury that the weight and credibility were for them to pass on. See *State* v. *Molinar,* 24 Conn. Sup. 160, 164, 1 Conn. Cir. Ct. 476, 480, which, while not entirely applicable, does deal with a discrepancy in the speed stated in the summons issued to the accused and the original summons. See also *State* v. *Holota,* 2 Conn. Cir. Ct. 45, 50.

The fourth and fifth assignments of error are concerned with the charge of the court concerning whether or not Black Rock Turnpike was a multiple-access or a limited-access highway. These assignments are without merit, since before trial the prosecuting attorney and defense counsel agreed in the presence of the court to limit the trial of the charge of speeding to the specification that the defendant exceeded the applicable maximum speed limit of

"sixty miles per hour." The trial proceeded on this limitation. The jury could not have been misled, nor could the defendant have been harmed. There was sufficient evidence of description and the character of the road and neighborhood for a finding that the maximum speed limit of sixty miles per hour was applicable, that it was not a limited-access highway.

The sixth and seventh assignments of error are concerned with the court's refusal to strike the testimony of the officer relating to the accuracy of the speedometer. These are encompassed in the second assignment of error. We hold there was no error. It was solely within the province of the jury to decide what weight and credibility they would give to this testimony. We cannot retry the case.

The eighth and ninth assignments of error concern themselves with questions of fact going to the weight and credibility. There is no merit to these claimed errors, and we do not discuss them. None of the rulings involved error which can fairly be regarded as harmful. We find none here which is not, at most, minor and inconsequential. The defendant could not have been so prejudiced as to warrant a new trial. A careful consideration of the charge in its entirety, in connection with the circumstances of the trial disclosed by the record, shows that there is no merit to the assignment of errors.

There is no error.

In this opinion KOSICKI and MACDONALD, Js., concurred.