STATE OF HAWAII, Plaintiff-Appellee *v.* LEROY VUN BIN ING, Defendant-Appellant

No. 5182

May 19, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

Appellant was arrested and cited, by the arresting officer, for speeding in violation of Section 15-7.2(2), Revised Ordinances of Honolulu 1969, as amended.

The pertinent testimony of the arresting officer is as follows:

a) That he "clocked" the appellant;

b) That he maintained a constant distance between appellant's and his car;

c) That there were no vehicles between his vehicle and the appellant's;

d) That at the high point of the clocking his speedometer

read 60 miles an hour but a more constant speed of 50 miles an hour in a 25-mile-per-hour zone;

e)   That the registration of appellant's speed was indicated on the speedometer of his vehicle;

f)   That the posted speed limit on the clocked highway is 25 miles an hour;

g)   That the vehicle he used on that occasion had a speedometer check for accuracy and that the vehicle is maintained by the City and County;

h)   That the speedometer check card for accuracy indicated that at 55 miles per hour it would be three miles fast and that at 45 miles per hour it would be two miles fast.

Appellant did not take the witness stand nor did he call on any witness to testify on his behalf. The trial court adjudged appellant guilty as charged.

The appellant specifies as error:

1.   That the arresting officer's testimony as to the reading of his vehicle's speedometer while clocking the appellant is hearsay;

2.   That his constitutional "right to confrontation" of the mechanic who speed-tested the speedometer of the arresting officer's vehicle was violated;

3.   That the prosecution failed to prove a prima facie case of unlawful speeding on the part of appellant.

We disagree.

### HEARSAY RULE

The hearsay rule does not prevent a witness from testifying as to what he heard and saw; it is rather a restriction on the proof of fact through extra-judicial statements. In the instant case the arresting officer testified that his speedometer, while clocking the appellant, read 60 miles an hour but a more constant 50 miles an hour; that his vehicle was maintained by the City and County; that the speedometer on his vehicle was speed-tested for accuracy; that the card showing the speed-test read that at 55 miles per hour the speedometer would be three miles fast and at 45 miles per hour it would be two miles fast. His testimony is based on

what he did and saw. *See People v. Marsellus,* 2 N.Y.2d 653, 143 N.E.2d 1, 163 N.Y.S.2d 1 (1957); *Government of Virgin Islands v. Rodriguez* (D.C.Virgin Islands), 300 F. Supp. 909 (1969). Obviously his testimony relative to the speed test bore indicia of reliability. Appellant, however, failed to adduce evidence bringing to issue the accuracy of the speedometer of the arresting officer's vehicle. Neither did appellant question the date of the speed-test card or the frequency of the speed tests of the speedometer in question. The trier of fact, in this case, was satisfied from the evidence adduced that the speedometer was accurately operational. *See Marsellus, supra; State v. Tarquinio,* 3 Conn. Cir. 566, 221 A.2d 595 (1966).

The problem of offering into evidence the speed-test card can be readily resolved. Where regular tests are made and the records of the tests are kept by the City and County or the police department the card can be introduced as an ordinary business entry of evidence of such record indicating the routine testing of speedometers. HRS § 622-5; *State v. Ellis,* 5 Conn. Cir. 190, 248 A.2d 71 (1968).

## CONFRONTATION CLAUSE

On the record of this case we cannot say that the evidentiary rule applied by the trial court in permitting the arresting officer to read the speed-test card violated the confrontation clause even if it did not conform to the hearsay rule. *See California v. Green,* 399 U.S. 149 (1970) wherein the court stated at 155-156:

> While it may readily be conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law. . . . [M]erely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied.

We are of the further opinion that, on the record of the instant case where appellant failed to adduce evidence bringing to issue the accuracy of the speedometer, production of the mechanic who performed the speed check was unnecessary and even if he were produced cross-examination of the mechanic would be of small utility, if at all, to the appellant.

The rationale of Justice Harlan in his concurring opinion in *Dutton v. Evans*, 400 U.S. 74 (1970), is appropos. At 95 he states:

If one were to translate the Confrontation Clause into language in more common use today, it would read: "In all criminal prosecutions, the accused shall enjoy the right to be present and to cross-examine the witnesses against him." Nothing in this language or in its 18th-century equivalent would connote a purpose to control the scope of the rules of evidence. The language is particularly ill-chosen if what was intended was a prohibition on the use of any hearsay . . . .

At 95-96 the Justice states:

A rule requiring production of available witnesses would significantly curtail development of the law of evidence to eliminate the necessity for production of declarants where production would be unduly inconvenient and of small utility to a defendant. . . . If the hearsay exception involved in a given case is such as to commend itself to reasonable men, production of the declarant is likely to be difficult, unavailing, or pointless.

### PRIMA FACIE CASE

We are of the further opinion that the record shows that the trial court correctly denied appellant's motion for judgment of acquittal premised on prosecution's alleged failure to establish a prima facie case. *State v. Pontillo*, 5 Conn. Cir. 332, 252 A.2d 141 (1968).

Judgment affirmed.

*Gerald Ah Mai* for defendant-appellant.

*Douglas Halsted*, Deputy Prosecuting Attorney (*Barry*

*Chung,* Prosecuting Attorney, by *Franklin Mukai,* Deputy Prosecuting Attorney, on the brief), for plaintiff-appellee.

### CONCURRING OPINION OF ABE, J.

My basic disagreement with the rest of the court is that I presume that mechanical devices, like clocks and speedometers, are accurate, absent proof to the contrary, while they conclude that the accuracy of the officer's speedometer must be proven by positive evidence.

Under the rule enunciated by this court in this case, where an act becomes an offense depending on the time of day, such as prohibited parking on a street between certain hours of the day, how is the police officer to show that the offense alleged occurred at that particular hour of the day according to Hawaiian Standard Time, except by his watch or a clock or timepiece near by? Then, how is he to prove that the time shown on the timepiece was the accurate Hawaiian Standard Time?

In this case, if I believed that proof of the accuracy of the officer's speedometer were necessary, I would acquit the defendant. I would not exacerbate the business records exception to the hearsay rule by admitting any writing prepared by anyone which this court feels is trustworthy.

And I would not duck the right to confrontation issue by conjecturing that "cross-examination of the mechanic would be of small utility . . . to the appellant."

### CONCURRING OPINION OF LEVINSON, J.

I concur with the majority's disposition of this case, but I feel that the issues raised by the appellant merit a more detailed discussion. I think that we should establish more discernible guidelines for the future.

I agree with the majority's characterization of the facts, as far as it goes. Clarification is necessitated, however. The testimony which the arresting officer gave concerning the accuracy of the speedometer, *i.e.,* that it had been tested and that the speedometer was accurate to a certain degree, was obtained from his reading of the contents of a calibration .

card. The card was neither authenticated nor offered into evidence. This additional fact must be recognized for a proper determination of the appellant's contention that the state failed to establish a prima facie case.

The appellant's first contention is that the accuracy of a speedometer must be established before readings taken from it may be offered in evidence, and that the admission of Officer Broom's testimony concerning these readings was error. In my view the accuracy of standard automobile speedometers is a matter of common knowledge and in speeding violations, or other cases where speed is at issue, the generally recognized reliability of these devices should be sufficient basis for admitting into evidence speedometer readings.

The appellant's second contention is that the state failed to establish a prima facie case because it failed to adduce competent evidence of the speedometer's accuracy. In substance, the appellant is asserting that while untested speedometer readings may be admissible in evidence, they will not, without more, sustain a criminal conviction for speeding. Although it may be undisputed that speedometer readings are generally accurate for purposes of admitting the readings into evidence, this general accuracy is not synonymous with the burden the state must carry in a criminal proceeding, *i.e.*, proof beyond a reasonable doubt. Our holding in *State v. Cuevas*, 53 Haw. 110, 113, 488 P.2d 322 (1971) that "the burden is always upon the prosecution to establish every element of a crime by proof beyond a reasonable doubt, never upon the accused to disprove the existence of any necessary element," supports the conclusion that the state must corroborate such readings in order to sustain a criminal conviction for speeding.

In the present case, I conclude with some reluctance, that the state did meet its burden of proof. The state was able to do so only because in addition to the speedometer readings related by Officer Broom, the prosecution was able to place into evidence the contents of a calibration card which was referred to by Officer Broom. This card contained

the results of the speedometer check which found the discrepancies of three miles an hour at 55 m.p.h. and two miles an hour at 45 m.p.h. Appellant did object to the officer's reading from the card, but this objection was anchored in the hearsay nature of the contents and not the attendant best evidence infirmities. That is, since the officer's oral testimony was simply a reading from the calibration card, his testimony may have been subject to an objection on the grounds that the card, after authentication, and not the oral reading, would have been the best evidence. Since this objection was not made, the contents of the card properly came into evidence and I would hold that the state thereby carried its burden through this additional corroboration of the speedometer readings.

Similarly, I would hold that appellant's objection on hearsay grounds was properly denied since the card could have been admitted into evidence under HRS § 622-5[1] as a business record exception to the hearsay rule.[2] In future cases, I think it better procedure to lay a more detailed foundation for the business record than was done in the instant case. Such a procedure, in my view, would entail establishing: (1) that the speed check was performed as part of the regular maintenance of the vehicle; (2) that the result of the test was recorded on the calibration card by the mechanic performing the test; and (3) that the date of the test has recorded on the card.

Since the additional corroboration was present in this case, I would hold under *State v. Cuevas, supra,* that the state did carry its burden of establishing a prima facie case,

---

[1]HRS § 622-5 provides that:

A record of an act, condition, or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission.

The term "business" includes every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not.

[2]*See* Frampton v. Hartzell, 179 Cal. App. 2d 771, 4 Cal. Rptr. 427 (1960).

and, therefore, appellant's motion for acquittal was properly denied.

As a final point, appellant contends that when the trial court allowed the officer to read from an unauthenticated speed test card in lieu of ordering the state to produce the mechanic who performed the speed check, his constitutional right of confrontation under the sixth amendment of the U.S. Constitution and article I, section 11 of the Hawaii Constitution was violated. I do not agree. I would not hold that to satisfy the confrontation clause the state need produce the mechanic to testify. The constitutional requirement may be met when the state introduces the speed card into evidence as a business record under HRS § 622-5.

I take this position cognizant of our decision in *State v. Adrian,* 51 Haw. 125, 132-33, 453 P.2d 221 (1969) wherein it was stated that:

> . . . Since the right to be "confronted" in the constitutional sense includes the opportunity to cross-examine, "witnesses" must, therefore, mean the *declarants* rather than *any witnesses* who relate the words or substance of what the declarants said. Indeed, if the Sixth Amendment were otherwise construed, the defendant's right of cross-examination would be emasculated. . . . Of course, this court would, in appropriate cases, permit certain exceptions to the right of confrontation such as admitting dying declarations against an accused, *Pointer v. Texas* [380 U.S. 400, 407 (1965)], and testimony of an unavailable witness who gave testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant, if the state has made a good faith effort to obtain the presence of the witness. *Barber v. Page,* 390 U.S. 719, 722, 724 (1968).

In *Adrian* we acknowledged the fundamental nature of the right of confrontation. We also determined that the evidentiary rules of hearsay and the constitutional guarantee of an opportunity for cross-examination were not congruent. That is, evidence admissible under a long-established hear-

say exception may still violate the confrontation clause, and "merely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied." *California v. Green,* 399 U.S.149, 156 (1970). We noted in *Adrian* at least two instances (dying declarations and testimony of a witness who testified at a prior judicial proceeding when the same defendant had an opportunity for cross-examination) in which admissible hearsay would be constitutionally admissible. *Adrian,* thus, recognized limited instances where the degree of reliability of the evidence sought to be admitted was so great and the utility of cross-examination by the defendant so minimal that both the evidentiary and constitutional requirements would be met.

As I have already indicated, I would admit the speed card in this case as competent evidence under the business record exception, HRS § 622-5. The card certified that the speedometer had been speed checked by a mechanic and designated the accuracy of the speedometer at particular speeds. Despite appellant's assertions, the testimony of the mechanic would have been of little practical utility to him. The mechanic would not have any motive to falsify this data, and he could testify to no more than what appears on the card. This case is one of the limited instances,[3] not fully enumerated in *Adrian,* where the testimony of the declarant should not be required.

Nothing here should be taken as retreating from our position in *Adrian.* This case represents the unusual instance where exceptions to the hearsay rule are compatible with the defendant's constitutional right of confrontation.

With the foregoing guidelines and caveats in mind, I concur in affirming appellant's conviction.

---

[3]*See* Dutton v. Evans, 400 U.S. 74, 95-96 (1970) (Harlan, concurring).