STATE OF HAWAII, Plaintiff-Appellee, *v.* CLARENCE SHAK, Defendant-Appellant

No. 5149

May 31, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

The appellant was arrested for speeding 50 miles an hour in a 35-mile-an-hour area and cited for violating Section 15-7.2(4), Revised Ordinances of Honolulu 1969, as amended. He was adjudged guilty as charged in the trial court.

Appellant alleges as error:

1. That the trial court erred in denying appellant's motion for dismissal of the charge against him on the ground that the State failed to prove a prima facie case of the existence of "legible signs which are erected and maintained indicating the maximum speed permissible";

2. That the trial court erred in denying appellant's motion for dismissal of the charge against him on the ground that the State failed to prove a prima facie case that appellant exceeded "the posted speed limit" by failing to prove the accuracy of the speedometer of the arresting officer's vehicle;

3. That the trial court erred in refusing to strike the testimony of the arresting officer on the ground that the citing officer himself was in violation of the law for failing

to have his vehicle's dome light lighted and siren sounding while the officer was in pursuit of the appellant.

Appellant's allegation of error No. 1 raises a substantial question.

In reference to legible signs indicating the maximum speed permissible by appellant on the boulevard on which he was traveling, Section 15-7.3, Revised Ordinances of Honolulu 1969, as amended, provides:

> The speed restrictions set forth in Sec. 15-7.2 on roadways, streets, highways or boulevards, or portions thereof, shall be ineffective unless legible signs are erected and maintained indicating the maximum speed permissible thereon.

The alleged offense occurred on Ala Moana Boulevard. Ala Moana Boulevard, from Atkinson Drive to the turn into Nimitz Highway, is several miles in length. The applicable ordinance, *supra,* provides that speed restrictions are ineffective unless legible signs are maintained indicating the maximum speed for the area in question. The arresting officer testified that he could not recall whether speed limit signs were posted in the area of the violation.[1] It is evident that

---

[1] The sole witness of the State, the arresting officer, testified as follows:
*On direct examination:*
"Q. Are there any signs posted there?
"A. I can't recall at this time."
*On cross-examination:*
"Q. Do you know where in relation to the area involved the speed-limit signs were posted?
"A. No, I can't give you exact locations.
"Q. You have seen speed-limit signs in that general area of Ala Moana, not necessarily within the clocking distance, is that correct?
"A. I wouldn't be able to say at this time."
*By the Court:*
"Q. Officer, will you tell me again how you know that the area you clocked him was a 35 miles-an-hour area?
"A. I know the signs, Your Honor, on the—on Ala Moana but I can't recall exactly where they are.
"Q. No, were they [sic] 35-miles-an-hour signs before and after, where you clocked him, without knowing specifically.
"A. There may possibly be one or two signs within the area but I can't recall at this time.
"Q. You are sure the signs indicate it is a 35-mile stretch there.

the State failed to prove a prima facie case. As such, appellant's conviction cannot stand.

We need not reach the issue as to appellant's allegation of error relative to the lack of accuracy of the speedometer of the officer's vehicle. *(See State v. Ing*, 53 Haw. 466, 497 P.2d 575 (1972).)

Appellant's third allegation of error is without merit, save and except the arresting officer is admonished to abide by the requirements of Section 15-7.6, Revised Ordinances of Honolulu 1969, as amended. The requirements of said Section 15-7.6 are there to *protect the safety of all persons using the street*. (Emphasis added.)

Reversed.

*Clarence Shak*, defendant-appellant, pro se.

*Douglas L. Halsted*, Deputy Prosecuting Attorney, for plaintiff-appellee.

CONCURRING OPINION OF LEVINSON, J.

I concur in the judgment of the court reversing the conviction of the appellant but on a different basis from that articulated in the opinion of the court. I cannot accept the court's holding that the state failed to prove the existence of a speed limit on Ala Moana Boulevard. It is true that Section 15-7.3, Revised Ordinances of Honolulu 1969, as amended, provides:

> The speed restrictions set forth in Sec. 15-7.2 on roadways, streets, highways or boulevards, or portions thereof, shall be ineffective unless legible signs are erected and maintained indicating the maximum speed permissible thereon.

The majority's construction of this section, however, renders Section 15-7.2(2) (a) a nullity.

Section 15-7.2 (2) (a) establishes a speed limit of 25 miles

---

"A. Yes, Your Honor.
"Q. 35-miles-per-hour.
"A. From Ala Moana—Atkinson and Ala Moana to just before it turns into Nimitz Highway."

per hour on "[a]ny street or highway within the City and County of Honolulu where speed limit has not been otherwise established." Section 15-7.3 delineates circumstances in which the established speed limit may be rendered ineffective. This does not mean that there is no speed limit, but rather that the speed limit is that which prevails "where speed limit has not been otherwise established." Therefore, common sense dictates that Sections 15-7.3 and 15-7.2(2) (a) should be construed conjunctively to mean that in the absence of legible signs "otherwise establishing" the speed limit, the prevailing speed limit is 25 miles per hour within the City and County of Honolulu.[1] Any contrary construction leads to a patent absurdity and should be avoided as such. *Pacific Insurance Company, Ltd.* v. *Oregon Automobile Insurance Company*, 53 Haw. 208, 210, 490 P.2d 899, 901 (1971); *Doe* v. *State Ethics Commission*, 53 Haw. 373, 377, 494 P.2d 559, 561 (1972) (Richardson, C.J., and Levinson, J., dissenting).

Therefore, I would reach the issue relating to the accuracy of the arresting officer's speedometer, and would hold on the basis of *State v. Ing*, 53 Haw. 466, 497 P.2d 575 (1972), that, in failing to adduce any evidence establishing the speedometer's accuracy, the state failed to prove a prima facie case that the appellant exceeded the speed limit.

---

[1]Section 15-7.2(1) (a) creates an exception, establishing a 15 mile per hour speed limit on "[a]ny roadway eighteen feet or less within the City and County of Honolulu."