PEOPLE v HACHEM

Docket No. 78-267. Submitted January 5, 1979, at Grand Rapids.—
Decided May 2, 1979.

Larry K. Hachem was convicted of driving 85 miles per hour in a
55 miles-per-hour zone, Recorder's Court of Detroit, Andrew
Wood, J. The defendant appeals, alleging that it was necessary
for the prosecution to present evidence of the reliability and
accuracy of the speedometer in the arresting officer's patrol car
before a reading from that speedometer could be admitted as
evidence against the defendant. *Held:*

A sufficient foundation was laid to establish the accuracy of
the speedometer. Further, the police officer visually ascertained
that the defendant was speeding. There was sufficient evidence
to permit the introduction of the speedometer reading and to
sustain the lower court's decision.

Affirmed.

1. EVIDENCE — ADMISSIBILITY OF EVIDENCE — SPEEDOMETERS — TRAF-
FIC CASES — ACCURACY OF SPEEDOMETER.

Evidence from a speedometer is acceptable evidence in traffic
cases; while speedometers are not inherently accurate, they
have acquired a certain reliance factor with the public in
general.

2. EVIDENCE — ADMISSIBILITY OF EVIDENCE — SPEEDOMETERS — CON-
VICTION OF SPEEDING.

A reading from an untested speedometer, although admissible as
evidence of speeding, is generally not sufficient to sustain a
conviction of speeding.

3. EVIDENCE — SUFFICIENCY OF EVIDENCE — SPEEDOMETERS — PROOF
OF ACCURACY.

A speedometer reading is sufficient, in itself, to sustain a convic-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 326.
Proof, by radar or other mechanical or electronic devices, of viola-
tion of speed regulations. 47 ALR3d 822.

[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 326, 327.
Proof, by radar or other mechanical or electronic devices, of viola-
tion of speed regulations. 47 ALR3d 822.

tion of speeding where there is reasonable proof of the speedometer's accuracy.

4. EVIDENCE — FOUNDATION — ADMISSIBILITY OF EVIDENCE — SPEEDOMETERS — ACCURACY OF SPEEDOMETER.

    A prima facie case of a speedometer's accuracy was established by evidence that (1) the police officer driving the police car with the speedometer in question testified that he paced the defendant's car for some distance, (2) the police car's speedometer was checked against a calibration chart in the patrol car, and (3) the chart was compiled by comparing the patrol car's speedometer readings, at various increments, to radar readings of the patrol car's speed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*D'Avanzo, Danko & Aycock,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. The defendant was found guilty of the misdemeanor of driving 85 miles an hour in a 55 mile zone, MCL 257.628; MSA 9.2328. He was sentenced to a $50 fine or five days in the Detroit House of Correction.

The determination that the defendant was speeding was based on the observation of the speedometer in a police vehicle that was pacing the defendant's car. After pacing the vehicle and observing his speedometer, the trooper checked the accuracy of the speedometer on a calibration chart that was on the patrol car's dashboard. The defendant argues that it was necessary for the prosecutor to present evidence of the speedometer's reliability and accuracy before a reading from that speedometer could be admitted as evidence against

the defendant. Defendant does not challenge the accuracy of the particular speedometer used and does not deny that he may have been speeding.

Evidence from a speedometer is duly accepted in traffic cases. *People v Kenney,* 354 Mich 191, 197; 92 NW2d 335 (1958). While speedometers are not inherently accurate, they have acquired a certain reliance factor with the public in general. *State v Ing,* 53 Hawaii 466; 497 P2d 575 (1972). Although a reading from an untested speedometer may be admissible as evidence of speeding, it is generally not sufficient to sustain a conviction for speeding. 61A CJS, Motor Vehicles, § 647(3), p 435. Nevertheless, speedometer readings have been held sufficient, in themselves, to sustain a conviction for speeding if there is reasonable proof of their accuracy. 21 ALR2d 1200 (Later Case Service), pp 447-449.

We think that, in the case at bar, a sufficient foundation had been laid establishing the accuracy of the speedometer. The police officer testified that he paced defendant's car for some distance. The police speedometer was checked against a calibration chart in the patrol car. The chart was compiled by comparing the patrol car's speedometer readings, at various increments, to radar readings of the patrol car's speed; thus, the evidence established a *prima facie* case of the speedometer's accuracy. Further, the police officer visually ascertained that defendant was speeding. We think this evidence is sufficient to permit the introduction of the speedometer reading and to sustain the lower court's decision.

Affirmed.