STATE OF HAWAI`I, Plaintiff-Appellee,
v.
RANDY KEOLA KIAAINA, Defendant-Appellant
No. 29034.
Intermediate Court of Appeals of Hawaii.
November 14, 2008.
On the briefs:
John M. Tonaki Public Defender, James S. Tabe Deputy Public Defender, 1130 N. Nimitz Highway, Ste A-254, Honolulu, Hawaii 96817, Peter B. Carlisle Prosecuting Attorney, Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Randy Keola Kiaaina (Kiaaina) appeals the Judgment, filed on December 28, 2007, in the District Court of the First Circuit, Kaneohe Division (District Court).[1]
On December 28, 2007, Kiaaina was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (Supp. 2007). On appeal, Kiaaina contends: (1) the District Court plainly erred by allowing Officer Marc Randall (Officer Randall) to testify as to the accuracy of his vehicle's speedometer and as to the speed in which Kiaaina's vehicle was traveling; (2) the District Court plainly erred in admitting the results of the speed check into evidence through Officer Randall's testimony because it is inadmissible hearsay and violated Kiaaina's right to confrontation; (3) the District Court erred by not considering whether the State proved beyond a reasonable doubt that Kiaaina recklessly drove in excess of thirty miles or more above the posted speed limit; and (4) the State failed to adduce substantial evidence that Kiaaina consciously disregarded a substantial and unjustifiable risk that he was driving more than 30 miles per hour over the posted speed limit.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant authorities, we resolve Kiaaina's points of error as follows:
(1) & (2) Kiaaina's arguments that the District Court erred by allowing Officer Randall to testify about the accuracy of his speedometer and admitting the speed check results into evidence through Officer Randall's testimony, and that his right to confrontation was violated, are without merit. See, e.g., State v. Ing, 53 Haw. 466, 468, 497 P.2d 575 (1972) (hearsay rule violation is not necessarily a Confrontation Clause violation); State v. Manewa, 115 Hawai`i 343, 167 P.3d 336 (2007) (defendant moved for judgment of acquittal based on State v. Wallace; supreme court ruled that inadequate foundation was laid to show that balance had been properly calibrated and vacated convictions); State v. Wallace, 80 Hawai`i 382, 910 P.2d 695 (1996) (trial court erred in overruling objection to chemist's testimony based upon inadequate foundation as to the accuracy of a scale). However, after Officer Randall's objection-free testimony concerning the speed check, the prosecutor stated on the record: "And may the record reflect that I did show defense, I did give defense counsel a copy of the speed check prior to trial." The District Court responded: "Yes, the record may so reflect." The defense raised no objection.
The parties agree that our standard of review on these points is plain error. The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai`i 327, 333, 141 P.3d 974, 981 (2006) (citations omitted).
[T]his court's power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system  that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes.
State v. Rodrigues, 113 Hawai`i 41, 47, 147 P.3d 825, 831 (2006) (citations and internal quotation marks omitted). Under the circumstances of this case, we cannot conclude that the District Court plainly erred in allowing Officer Randall's testimony concerning the speed check.
(3) & (4) Kiaaina failed to raise the issue of the appropriate state of mind in the District Court. We will presume that the judge employed the appropriate state of mind for the offense. See, e.g., State v. Kotis, 91 Hawai`i 319, 340, 984 P.2d 78, 99 (1999); State v. Aplaca, 74 Haw. 54, 66, 837 P.2d 1298, 1305 (1992). Officer Randall testified that he paced Kiaaina at 70 miles per hour for two-tenths of a mile on Mokapu Boulevard and that his speedometer was accurate at 65 and 75 miles per hour. The District Court credited Officer Randall's testimony and did not credit Kiaaina's testimony. This court will not pass upon the issue of credibility of witnesses because it is within the province of the trier of fact. State v. Mattiello, 90 Hawai`i 255, 259, 978 P.2d 693, 697 (1999).
Officer Randall stated that there were two speed limit signs that stated the speed limit was 35 miles per hour. By passing two 35 mile per hour speed signs at 70 miles per hour, Kiaaina consciously disregarded a substantial risk of traveling thirty or more miles per hour over the speed limit. Therefore, there was substantial evidence to convict Kiaaina.
For these reasons, the District Court's December 28, 2007 Judgment is affirmed.
NOTES
[1] The Honorable T. David Woo, Jr. presided.