STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DUSTIN K. SHITANISHI, Defendant-Appellant.
No. 28833.
Intermediate Court of Appeals State of Hawaii.
May 28, 2009.
On the briefs:
James S. Tabe, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Dustin K. Shitanishi (Shitanishi) appeals from the October 2, 2007 Judgment entered in the District Court of the First Circuit, Honolulu Division (district court) against him for the offense of Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105 (2007) .
On appeal, Shitanishi contends that (1) the district court[1] erred by allowing Honolulu Police Officer Kevin M. Kobayashi (Officer Kobayashi) to testify to the results of a speed check of Officer Kobayashi's vehicle's speedometer and the accuracy of this speedometer; (2) his right to confrontation was violated by the admission of Officer Kobayashi's testimony; and (3) there was insufficient evidence that he recklessly drove his vehicle more than thirty miles over the posted speed limit.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Shitanishi's points of error as follows:
(1) There is no merit to Shitanishi's argument that the prosecution failed to prove the reliability of Officer Kobayashi's speedometer. Shitanishi's only objection to this testimony at trial was that Officer Kobayashi was not competent to testify regarding the reliability of the speedometer. State v. Vliet, 91 Hawai`i 288, 298-99, 983 P.2d 189, 199-200 (1999) (quoting Tabieros v. Clark Equip. Co., 85 Hawai`i 336, 379 n. 29, 944 P.2d 1279, 1322 n. 29 (1997) (waiver when the trial objection differs from that pressed on appeal)).
(2) The testimony of Officer Kobayashi regarding the results of the speed check of his vehicle's speedometer was properly admitted as evidence of a regularly conducted activity. Officer Kobayashi testified that (a) speed checks are done in the regular course of maintaining his subsidized vehicle; (b) he took his vehicle to have its speedometer checked by the vendor hired by the police department to conduct this check; (c) the check revealed that the speedometer accurately reflected the actual speed of his vehicle; and (d) he was issued a certification card to that effect that was valid on the date of the instant offense. Officer Kobayashi also produced that card for Shitanishi's counsel's and the district court's inspection at trial. Based on this record, it was not error to admit Officer Kobayashi's testimony over the hearsay objection made by Shitanishi. See Hawaii Rules of Evidence Rule 803(b)(6); State v. Ing, 53 Haw. 466, 497 P.2d 575 (1972).
Admission of the contents of the speed check card was not a violation of Shitanishi's right of confrontation. Crawford v. Washington, 541 U.S. 36, 56 (2004) (business records are not testimonial in nature). Accord State v. Marshall, 114 Hawai`i 396, 401-02, 163 P.3d 199, 204-05 (App. 2007) (sworn statement by Intoxilyzer supervisor not testimonial, therefore not subject to Confrontation Clause).
(3) There was sufficient evidence to support the district court's explicit finding that the prosecution proved Shitanishi's state of mind in committing the offense of Excessive Speeding. Shitanishi was driving from a graduation party at 1:30 in the morning when he was signaled by Officer Kobayashi to pull over. Shitanishi was with two friends with whom he was conversing and listening to music on the radio as he drove eastbound on Kalanianaole Highway. He was unaware that Officer Kobayashi was behind them but was aware that the speed limit was thirty-five-miles-per-hour and admitted that he was driving as much as fifty-five-miles-per-hour. Officer Kobayashi clocked Shitanishi traveling seventy miles per hour for a mile before signaling Shitanishi to stop. Taking this evidence in the light most favorable to the prosecution, State v. Matavale, 115 Hawai`i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was sufficient evidence to support the district court's finding that the prosecution proved the requisite reckless state of mind.
Accordingly, the October 2, 2007 Judgment entered in the District Court of the First Circuit, Honolulu Division is affirmed.
NOTES
[1] The Honorable Lenore K.J.H. Lee presided.