STATE OF HAWAI`I, Plaintiff-Appellee,
v.
NALEA JAHTEM KO, Defendant-Appellant
No. 29423.
Intermediate Court of Appeals of Hawaii.
September 24, 2009.
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, Fujise and Leonard, JJ.
Defendant-Appellant Nalea Jathem Ko (Ko) appeals the "Notice of Entry of Judgment and/or Order and Plea/Judgment," entered on September 19, 2008, in the District Court of the First Circuit, Wai`anae Division (district court).[1]
Ko was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (2007).
On appeal, Ko contends the district court erred by (1) allowing Officer Eric Fontes (Officer Fontes) to testify regarding the accuracy of his vehicle's speedometer and the speed that Ko's vehicle was traveling and (2) admitting the results of the speed check of Officer Fontes's vehicle's speedometer in violation of Ko's constitutional right to confrontation. Ko argues that the State failed to establish that Officer Fontes's speedometer was in proper working order and accurate at the time Ko was paced. Thus, Ko argues that the record is devoid of any evidence of the speed at which Ko's vehicle was traveling.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ko's points of error as follows:
Contrary to Ko's argument, Officer Fontes's testimony regarding what he observed, i.e. his speedometer reading stated sixty miles per hour when he was pacing Ko, was admissible. In State v. Ing, 53 Haw. 466, 497 P.2d 575 (1972), the Hawai`i Supreme Court held that the hearsay rule did not prevent a police officer from testifying that a vehicle was traveling sixty miles per hour based upon his observation of his speedometer. 53 Haw. at 467-68, 497 P.2d at 577 (citing People v. Marsellus, 143 N.E.2d 1 (N.Y. 1957)). Therefore, Officer Fontes's testimony that Ko was traveling sixty miles per hour was admissible because it was based on his personal observation of his own speedometer and Ko.
However, the State must adduce evidence that a speedometer is accurate before adducing evidence of the speedometer's reading. Ing, 53 Haw. at 468, 497 P.2d at 577. Officer Fontes did not testify that he had personal knowledge that the speedometer in his vehicle was accurate. No evidence establishing the accuracy of the officer's speedometer was admitted.[2]
The State introduced the speed check card for Officer Fontes's vehicle into evidence. However, the district court specifically limited the speed check card and did not consider it as proof the speedometer was accurate. The State presented no other evidence of the speedometer's accuracy. Therefore, there was insufficient evidence to establish Ko's speed on the date in question and, consequently insufficient evidence to convict Ko of Excessive Speeding. Id.
Given our resolution of Ko's first issue on appeal, we need not address Ko's claim that her constitutional right to confrontation was violated.
Therefore,
The September 19, 2008 "Notice of Entry of Judgment and/or Order and Plea/Judgment" of the District Court of the First Circuit, Wai`anae Division, is reversed.
NOTES
[1] The Honorable Peter Stone presided.
[2] Speed check cards have been admitted over a hearsay objection as a "business record." Ing, 53 Haw. at 468, 497 P.2d at 577. See Hawaii Rules of Evidence Rule 803(b)(6), which provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 901(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.