UNITED STATES of America, Appellant,

v.

Macio SINGLETON.

UNITED STATES of America, Appellant,

v.

Larry A. CAMPBELL.

Nos. 81–1810, 81–1827 and 81–1757.

United States Court of Appeals, District of Columbia Circuit.

Argued En Banc Dec. 1, 1982.

Decided March 15, 1983.

---

Michael W. Farrell, Asst U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., E. Anne McKinsey and J. Alvin Stout, III, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellant. John P. Hume, Carol E. Bruce and William Birney, Asst. U.S. Attys., Washington, D.C., also entered appearances for appellant.

Arnold M. Weiner, Washington, D.C., with whom John R. Dugan, Washington, D.C., was on the brief, for appellee Campbell in No. 81–1757.

Ed Wilhite, Washington, D.C. (appointed by this Court), for appellee Singleton in Nos. 81–1810 and 81–1827.

Before ROBINSON, Chief Judge, WRIGHT, TAMM, MacKINNON, WILKEY, WALD, MIKVA, EDWARDS, GINSBURG, BORK and SCALIA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

By order of October 4, 1982, we vacated on our own motion the panel judgment and opinion in the first case captioned above and granted rehearing *en banc* of that case and the second, which had been argued before another panel of the Court but in which an opinion had not been issued. Both cases, whose facts we leave for recital in the panel opinions issued today, 702 F.2d 1159 raise a common issue to which we have limited this *en banc* consideration:

What degree of deference, if any, is due to a district court's assessment of the sufficiency of the evidence in granting a post-verdict motion for acquittal.

We have concluded that we do not defer to the district court, because we must make our own independent judgment regarding the sufficiency of evidence. In so doing, of course, we may consider and be influenced by the opinion of the expert trial judge who has lived with the case—just as we give weight to one another's views. This will be particularly so where the trial judge has set forth his reasons with specificity. Moreover, it is the burden of the Government, as it is always the appellant's burden, to show that the judgment appealed from was wrong. But ultimately, the decision whether or not the evidence was sufficient is a question of law and therefore entirely our own.

Application of this standard to the facts of these particular cases, and the other issues involved in these appeals, we leave to the respective panels of the Court.

*So ordered.*