968 F.2d 92
 296 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jose M. CORREA, Appellant.
 No. 91-3142.
 United States Court of Appeals, District of Columbia Circuit.
 July 1, 1992.
 
 Before WALD, EDWARDS* and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. The district court's denial of appellant's motion to suppress is affirmed substantially for the reasons stated by the court in its Memorandum Opinion of September 13, 1990. The fact that the officers did not advise Correa of his right to refuse to consent to the search does not render the search coercive. See United States v. Baskin, 886 F.2d 383, 386-87 (D.C.Cir.1989) ("[a] seizure does not exist just because the police officers do not tell the defendant that he does not have to talk to them or that he can walk away"), cert. denied, 110 S.Ct. 1831 (1990); see also United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989). The Supreme Court's holding in Florida v. Bostick, 111 S.Ct. 2382 (1991), in no way suggests that failure to provide such a warning transforms the encounter into a seizure. Rather, the Court merely noted that the officers in that case had advised Bostick that he could refuse to consent, indicating that the police did not convey a message that compliance was required. See id. at 2388. The district court also did not err by denying appellant's motion of acquittal. Viewed in the light most favorable to the government, the evidence was sufficient to sustain a jury determination of guilt beyond a reasonable doubt. United States v. Singleton, 702 F.2d 1159, 1163 (D.C.Cir.), aff'd en banc, 702 F.2d 1182 (1983). Appellant's knowledge of and participation in the offense could be inferred from the evidence adduced at trial. See United States v. Byfield, 928 F.2d 1163, 1167 (D.C.Cir.1991) (where co-defendants were traveling together, presence of drugs in same bag with defendant's shoe box was circumstantial evidence of possession); see also United States v. Joseph, 892 F.2d 118, 125 (D.C.Cir.1988) (ability to control bag, coupled with evasiveness indicates knowing possession).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 
 
 *
 Judge Edwards notes that he is constrained by controlling authority to affirm appellant's conviction. See United States v. Tavolacci, 895 F.2d 1423, 1430 (D.C.Cir.1990) (Edwards, J., dissenting)