971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Shawn Delentay BELT, a/k/a Shawn Wendall Belt, Appellant.
 No. 92-3027.
 United States Court of Appeals, District of Columbia Circuit.
 July 27, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant Shawn Delentay Belt's conviction be affirmed. The evidence presented at trial was sufficient to warrant a jury determination of guilt beyond a reasonable doubt. See United States v. Singleton, 702 F.2d 1159, 1163 (D.C.Cir.), aff'd en banc, 702 F.2d 1182 (1983). Nor did the district court abuse its discretion when it allowed the government to rebut inferences of possible witness bias raised during the cross-examination of Officer Mitchell. See United States v. Fench, 470 F.2d 1234, 1239 (D.C.Cir.1972), cert. denied, 410 U.S. 909 (1973). Appellant's cross-examination opened the door to testimony in explanation of Officer Mitchell's statement to the grand jury that he believed appellant was a known drug dealer. The government's effort during re-direct examination to explore alternative inferences, which tended to indicate that Officer Mitchell was not biased, fell within the scope of the cross-examination. Allowing Officer Mitchell to testify that he knew of ten or fifteen drug dealers in the area thus was a decision within the sound discretion of the trial court.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for a rehearing. See D.C.Cir. Rule 15.