GOVERNMENT OF THE VIRGIN ISLANDS

v.

JOSE RODRIGUEZ, JR.

Criminal No. 14-1969

District Court of the Virgin Islands

Div. of St. Croix

June 24, 1969

*See, also, 300 F.Supp. 909*

ATTORNEY GENERAL, *for Government*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

OPINION

MARIS, *Circuit Judge*

This is an appeal by the defendant from his conviction in the Municipal Court of operating an automobile at an unlawful rate of speed in violation of 20 V.I.C. § 494(b). It appears that the defendant on December 12, 1968 was driving west on the Old Centerline Road in the vicinity of Sion Farm in St. Croix when he was stopped by a police officer and charged with driving at the rate of 58 miles per hour in a 35 mile per hour speed zone. At his trial the police officer testified that he followed the defendant for about half a mile, keeping an even distance behind him, and that the speedometer installed in his police car registered a speed of 58 miles per hour. There was no other evidence as to the defendant's rate of speed and the latter testified he was driving 30 miles an hour. It appears that the defendant's conviction was rested solely on the police officer's testimony as to the speedometer reading.

The defendant on appeal contends that his conviction on this evidence alone cannot stand since it was not shown that the speedometer from which the police officer testified was accurate. This contention is well taken. For a conviction for speeding may not be based upon the mere

evidence of a speedometer reading without more. While such evidence is admissible, People v. Marsellus, 1957, 2 N.Y.2d 653, 143 N.E.2d 1, it has been held insufficient without corroboration to sustain a conviction. People v. Heyser, 1957, 2 N.Y.2d 390, 141 N.E.2d 553. Such corroboration may be by way of a showing that the accuracy of the speedometer had been tested within a reasonable time prior to the occasion in question or by the opinion evidence of a police officer or other person as to the defendant's rate of speed if the witness first shows some experience in observing the rate of speed of moving objects or some other satisfactory basis for his opinion. People v. Higley, 1967, 55 Misc.2d 460, 285 N.Y.S.2d 467; People v. Olsen, 1968, 22 N.Y.2d 230, 239 N.E.2d 354. Neither type of corroborating evidence was offered by the Government in this case. It is true that here the police officer testified that he observed the defendant driving his automobile in excess of the 35 mile speed limit. But he did not testify to the defendant's rate of speed nor qualify himself as experienced in judging the speed of moving automobiles. This testimony of the officer accordingly was not competent to corroborate his evidence as to the untested speedometer reading.

An order will be entered reversing the judgment of the Municipal Court and directing it to enter a judgment of acquittal.