GOVERNMENT OF THE VIRGIN ISLANDS

v.

EDILBERTO RODRIGUEZ

Criminal No. 15-1969

District Court of the Virgin Islands

Div. of St. Croix

June 24, 1969

ATTORNEY GENERAL, *for Government*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, Virgin
Islands, *for defendant*

MARIS, *Circuit Judge*

OPINION

MARIS, *Circuit Judge*

This is an appeal by the defendant from his conviction
in the Municipal Court of charges of driving his automo-
bile in excess of the speed limit and in passing another

vehicle while the road ahead was not clear. It appears that on December 16, 1968 the defendant was driving west on the Northside Road out of Christiansted where he was followed by a police officer riding a police motorcycle who clocked him on his speedometer at 51 miles per hour. The speed limit in that area was 35 miles per hour. The only evidence of the defendant's speed was the officer's testimony as to his speedometer reading. The officer testified that the speedometer had been tested for accuracy but did not say when this had been done and admitted that he had not been present at the test. It also appears that the defendant passed a stopped vehicle at a time when two other vehicles were approaching from the opposite direction and were between 75 and 100 feet away. The police officer stopped the defendant and charged him with speeding and improper passing of another vehicle. Following a trial in the Municipal Court the defendant was found guilty of both charges and judgments of conviction were entered against him as to each. From these judgments the defendant has appealed.

The defendant's conviction of speeding was based solely on the testimony of the police officer as to his speedometer reading without more. That conviction must accordingly be reversed for the reasons stated in Government of the Virgin Islands v. Jose Rodriguez, Jr., Criminal No. 14-1969, decided this day, 7 V.I. 355. His conviction of improper passing of another vehicle must be affirmed, however, since a reading of the testimony discloses ample evidence to support the finding of guilty which the Municipal Court made.

An order will be entered (1) reversing the judgment of the Municipal Court upon the charge of speeding and directing the entry of a judgment of acquittal on that charge, and (2) affirming the judgment upon the charge of improper passing.