**KELVIN B. DENNIE, Petitioner**
v.
**PEOPLE OF THE VIRGIN ISLANDS, Respondent**

Case No. SX-14-MV-672
Superior Court of the Virgin Islands
Division of St. Croix
May 17, 2017

KELVIN B. DENNIE, Christiansted, USVI, *Pro se*, Petitioner.

MELISSA ORTIZ, ESQ.[1], Assistant Attorney General, Virgin Islands Department of Justice, Christiansted, USVI, *Attorney for the Respondent.*

MOLLOY, *Judge*

## MEMORANDUM OPINION

(May 17, 2017)

**THIS MATTER** is in the Appellate Division on review from the Magistrate Division. Petitioner, Kelvin B. Dennie, appeals his negligent

---

[1] Attorney Melissa Ortiz was counsel before the trial court. The Court takes judicial notice that counsel resigned as an assistant attorney general with the Virgin Islands Department of Justice. Substitute counsel has not appeared on review.

driving conviction. For the reasons stated below, the Magistrate Court's decision will be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Just before noon on January 11, 2014, a 2006 white Toyota Sequoia and a 1998 white Ford van collided on David Oliver Drive in Estate Union and Mt. Washington on St. Croix. Both vehicles had damage on the passenger side consistent with each sideswiping the other while travelling in opposite directions. Lorraine Benjamin-Matthew was driving the Toyota going west. Kelvin B. Dennie was driving the van going east. Dennie is a taxi driver. He had just dropped off a passenger, Andrews,[2] in the Union and Mt. Washington area and was driving further up David Oliver Drive to turn around and head back into Christiansted town. Matthew, who lives in the Mt. Washington area, had just turned right onto David Oliver Drive when she observed a van coming towards her, but driving "in the middle of the road." (Trial Tr. 6:25-7:1, Feb. 27, 2014.) Matthew "swerve[d] to the left" and waived at the driver with her right hand to get his attention. (Feb. 27, 2014 Trial Tr. 7:3.) The driver "had their [sic] head down," she recalled, and did not respond to her hand signals. *Id.* at 7:8. Matthew moved as far to the left as she could. If she "had gone completely off the road, [she] would have gone straight into . . . garbage bins" out in front of a house. *Id.* at 7:14-15. The van then "sideswiped" Matthew's car. *Id.* at 7:17.

Matthew stopped her car and got out. Dennie stopped too. Whether he was already stopped when the vehicles collided, or stopped a few moments after impact, was disputed at trial. Dennie too got out of his van, looked at Matthew and examined both cars, and then turned to go back to his van. Matthew asked him, "where are you going? You just caused an accident. We have to call the police." *Id.* at 7:24-25. Dennie gave a cryptic response, "today for me, tomorrow for you," *id.* at 8-1-2, which baffled Matthew.[3] He then began "ranting and raving" that it was she who was not watching where she was going. Matthew said that Dennie told her she

---

[2] Andrews was a passenger in Dennie's van. The record does not indicate what his first name is, however.

[3] Dennie testified that he meant they both should walk away because neither vehicle was significantly damaged.

"came around the corner speeding." *Id.* at 9:9-10. But Matthew said she dismissed Dennie's remark, explaining:

> I live in this area. I know the road. You cannot come around that corner speeding. Right before you get to the right to make to David Oliver Drive, there's a bad road. Okay? The road is real bad. So you have to drive slow because right as you turn the right for David Oliver Road, it's a high and low. So you go from a bumpy to a high. So if you're coming speeding, you're going to cause damage to your car, first of all because you're leaving from the bumpy road to the smooth road to make a road. So it's impossible. You cannot speed on that road.

*Id.* at 9:11-21.

Someone phoned 9-1-1 because Virgin Islands Police Officer Samantha Smith was dispatched to the scene. Upon arriving, she observed tracks in the grass on southern side of the road where Matthew's car went off the road approximately two feet into the grass. The car continued back onto the road, either before the collision occurred or afterward — the testimony is unclear. Both vehicles were on the road when Officer Smith arrived. Officer Smith measured the road to be fifteen feet wide. The report she prepared after the accident stated that the van was eight feet, ten inches away from the **northern** side of the road. However, after viewing a photograph from the scene, Smith admitted that she made a mistake. Dennie's van had to have been eight feet, ten inches away from the **southern** side of the road, otherwise he would have been "covering most of the road with his van." (Trial Tr. 15:18 (Feb. 28, 2014).)

Smith took statements from Matthew, Dennie, and Andrew. She determined that Dennie drove negligently by failing to stay as far left as possible. She issued Dennie a citation, number 199103, swore to it under oath on February 13, 2014, and filed it with the Superior Court that day. Dennie was charged with one count of negligent driving in violation of section 503 of title 20 of the Virgin Islands Code.

The Clerk's Office opened a new case, docketed the complaint, and assigned the case at random to a Superior Court magistrate. The Magistrate Court held a bench trial on February 27 and 28, 2014.[4] The People called

---

[4] Trial began on February 27, 2014 and ended on February 28, 2014. The transcript of the February 27, 2014 trial date ends abruptly at 5:52 p.m. (*See* Trial Tr. 20:25 ("The transcription

Matthew and Smith to testify and moved into evidence three photographs of the scene, which Matthew had taken shortly after the police had arrived. After hearing the testimony and reviewing the evidence, the Magistrate Court found Dennie guilty of negligent driving and sentenced him to pay a $75.00 fine and court costs in the same amount. The Magistrate Court did not immediately reduce the conviction and sentence to writing, however. In fact, three years passed before the court issued a written judgment.

In the interim, Dennie filed for review. He filed a notice of petition for review on March 7, 2014, as amended on March 10, 2014. He also requested transcripts of the bench trial, which were submitted on April 15, 2014. The same day, April 15th, Dennie filed his brief on review. Five months later, the Court issued an order, noting that Dennie's review was not before the Appellate Division yet "[b]ecause the Magistrate Court ha[d] not entered a written judgment." (Order 1 n.1, entered Sept. 8, 2014). The Court nevertheless gave the People an extension of time to file their responsive brief. "Superior Court Rule 322.1(i)(G)(ii) directs that the Appellate Court 'shall resolve the . . . review on the record and the arguments submitted by the petitioner,'" the Court explained, "if the respondent fails to file a reply brief." *Id.* (quoting SUPER. CT. R. 322.1(i)(G)(ii)). Since the Court could not "proceed to address the merits" until a judgment was entered, *id.* at 2 n.1, the Court exercised its discretion to allow the People additional time to respond. The People did not respond.

On January 4, 2016, Dennie filed a motion asking the Court to decide his review on the record, notwithstanding that the Magistrate Court had not reduced its oral ruling to writing. Again, the People did not respond. Dennie's motion was rendered moot once the Magistrate Court memorialized its decision in a written Judgment and Sentence dated March 20, 2017. The Clerk's Office entered the Judgment the next day.

## II. JURISDICTION AND STANDARD OF REVIEW

"The Magistrate Division of the Superior Court has exclusive jurisdiction over all traffic offenses, except felony traffic offenses."

---

stops at 5:52 p.m.").) When trial resumed on February 28, 2014, the Magistrate Court noted that "the machine had already gone off" just as Dennie "started cross-examining Ms. Matthew." (Trial Tr. 3:19, 18.) Presumably, "the machine" the Magistrate Court referred to is the digital recording technology used in the Magistrate Division courtrooms, For the Record or FTR. Transcripts are prepared afterward from these recordings.

4 V.I.C. § 124(b). "All appeals from the Magistrate Division . . . must be filed in the Superior Court." *Id.* § 125. The Appellate Division of the Superior Court was established to hear the appeals from the Magistrate Division. Dennie filed for review on March 7, 2014. However, his review was not deemed filed until March 21, 2017, the date when the Magistrate Court's Judgment and Sentence was entered. *See* SUPER. CT. R. 322.1(b)(2)(C) ("Where a petition for review is filed after an oral decision but before entry of a written order or judgment, it is deemed filed as of the date of the written order or judgment appealed from."). Dennie timely filed for review. The Magistrate Court issued a final judgment. Therefore, this matter is properly before the Appellate Division on review from the Magistrate Division.

██ "Judges sitting in the Appellate Division of the Superior Court function like an appellate court with the Magistrate Division functioning as the trial court." *David v. People*, SX-15-RV-007, 2016 V.I. LEXIS 15, at *9 (Super. Ct. App. Div. Feb. 22, 2016) (quotation marks and citations omitted). On review, the Appellate Division must address each of the errors the parties address in their briefs, except any errors that have been waived. *See id.* at *9-10 (citing *Gardiner v. Diaz*, 58 V.I. 199, 205 n.5 (V.I. 2013)). "[T]he appellate court defers to the facts found by the magistrate court, including which witnesses' testimony to credit and how much weight to give such testimony." *Id.* at *10 (citing *Gardiner*, 58 V.I. at 205); *see also Moore v. Walters*, 61 V.I. 502, 508 (V.I. 2014) ("It is well established that, on appeal, the court must defer to the credibility decision made by the factfinder, whether it be the judge or the jury."). However, the appellate court does not defer to the law the magistrate court applied." *Id.* at *10 (citations omitted).

## III. DISCUSSION

██ Dennie raises three errors on review. In his first error, Dennie claims that the traffic ticket was issued in error because Officer Smith did not actually see him violate the law. "The Officer's opinion or suspicion is insufficient to support the issuance of the traffic ticket," Dennie argues. (Pet'r's Br. 1.) In his second error, Dennie claims that the ticket was issued without "any fact or evidence" in support. *Id.* at 5. Although Dennie articulates this claim in such a way that it seems as if he is raising a dispute over the law, in truth his second claim goes to the sufficiency of the evidence. He concludes his second point, arguing that "[b]oth

testimony and physical evidence point to only logical conclusion that it's Ms. Matthew's vehicle that collided into Petitioner's van." *Id.* at 7. Dennie's last claim involves a question of law. Dennie argues the Magistrate Court erred because it did not "find the facts specially and state its conclusions of law separately" pursuant to "Federal Rule [of] Civil Procedure Rule 52(a)(1)." *Id.* All three errors will be addressed below. *See Gardiner*, 58 V.I. at 205 n.5 ("[T]he Appellate Division of the Superior Court should, as a routine matter, address the arguments raised before it in the parties' briefs. If the Appellate Division determines that an appellant has waived any of the arguments raised in the brief, it should so indicate.").

### A. Issuance of the Citation

■ A violation of the vehicle and traffic laws of the Virgin Islands is a crime. *See Galloway v. People*, 57 V.I. 693, 700-03 (V.I. 2012) (concluding that prosecution presented sufficient evidence beyond a reasonable doubt that appellant ran a red light and noting that a violation of motor vehicle statutes and regulations carry a fine, a term of incarceration, or both.). *But cf., infra*, note 6. In many instances, however, the infraction is considered a petty offense because the punishment for violating the vehicle and traffic laws is a small fine without the possibility of incarceration. *See, e.g., id.* § 512 (schedule of finds ranging from $30.00 to $500.00 for first, second, or third and further violations). *But cf. id.* § 533 (listing penalties for specific violations of the motor vehicle code with some carrying incarceration terms).

Dennie does not dispute that he was accused of committing a petty offense. Rather, his objection is to how the criminal action was initiated. "The [o]fficer's opinion or suspicion is insufficient," he claims, "to support the issuance of the traffic ticket." (Pet'r's Br. 1.) Citing *Government of the Virgin Islands v. Rodriguez*, 300 F. Supp. 909, 7 V.I. 355 (D.V.I. 1969), Dennie argues that "[a] conviction for violation of Virgin Islands traffic regulations 'may not be based on mere evidence' . . . 'it has been held insufficient without corroboration to sustain a conviction.' " *Id.* (quoting *Rodriguez*, 7 V.I. 356-57) (ellipsis in original). Officer Smith "offered no testimony nor presented any evidence," he argues, "or set of circumstances whatsoever as a basis justifying issuance of the traffic ticket for a moving violation." *Id.* at 2. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere

surmise or suspicion of the fact's existence, the evidence is no more than a scintilla and, in legal effect, is no evidence," Dennie asserts. *Id.* at 5 (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)).

Dennie flags an interesting question, the procedure by which vehicle and traffic infractions are prosecuted in the Virgin Islands. Generally speaking, civil actions are commenced by filing a complaint or a petition. *See* V.I. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the clerk of court."); *cf. Moseley v. French*, 961 F. Supp. 889, 893 (M.D.N.C. 1997) (habeas corpus) ("Rule 3 of the Federal Rules of Civil Procedure provides: 'A civil action is commenced by filing a complaint [or in this case a petition] with the court.' "). Criminal actions are commenced when a grand jury issues an indictment or when a prosecutor files a complaint or an information. *See, e.g.*, U.S. CONST., amend. V; 5 V.I.C. § 3581 ("[E]very criminal action . . . shall be prosecuted by information."); SUPER. CT. R. 121 ("The complaint is a written statement of the essential facts constituting the offense charged."); *accord* FED. R. CRIM. P. 7; *State v. Corrado*, 78 Wn. App. 612, 898 P.2d 860, 861 (1995) ("A criminal action is commenced by the filing of an indictment or information." (citations omitted)). Because "Congress, by enacting section 3 of the Revised Organic Act, has chosen to treat the Virgin Islands like a state by providing that the Fifth Amendment shall apply to the Virgin Islands as if it were a state," *Destin v. People*, 64 V.I. 465, 472 (V.I. 2016) (footnote omitted), felonies, misdemeanors, and petty offenses are commenced by information or complaint in the Virgin Islands since the Legislature has not implemented a grand jury system yet. Misdemeanors and other petty offenses can also be initiated by appearance ticket. "An appearance ticket is a written notice issued and subscribed by a peace officer authorized to issue an appearance ticket, directing a designated person to appear in the Superior Court of the Virgin Islands at a future date in connection with his alleged commission of a misdemeanor offense." 5 V.I.C. § 3570. A complaint still has to be filed, however. *See id.* § 3573(a) ("At or before the time the appearance ticket is returnable, the Attorney General shall file with the Superior Court of the Virgin Islands a complaint charging the person named in the appearance ticket with the offense specified therein, consistent with Superior Court Rule 123(a)(5), relating to the filing of complaints."). Concerning traffic offenses specifically, meaning "cases involving violation of statutes,

ordinances or regulations relating to the operation or use of motor vehicles," the offense is prosecuted by "complaint and summons . . . in the form . . . known as the 'Uniform Traffic Ticket.' " SUPER. CT. R. 151(a).

█ The traffic ticket serves as the criminal complaint in criminal cases charging violations of the vehicle and traffic laws of the Virgin Islands, "whether the complaint is made by a police or peace officer, or by any other person."[5] SUPER. CT. R. 151(b). The traffic ticket "must be filed directly by the issuing officer or prosecuting attorney in the Magistrate Division of the Superior Court." 4 V.I.C. § 124(c). "The issuing officer or person shall present the case to the magistrate [court] at the time and place docketed for the traffic offense hearing."[6] *Id.* § 124(e). If the defendant has "[a]n objection to the validity or regularity of the complaint or process issued thereunder," that objection "must be made by the defendant before trial." SUPER. CT. R. 156(d). *Cf. George v. People*, SX-16-RV-002, 2017 V.I. LEXIS 58 (Super. Ct. App. Div. Apr. 5, 2017) (defendant moved

---

[5] Because the Uniform Traffic Ticket is uniform or standard each ticket has the same information and are numbered sequentially. The only difference — apart from whatever details the issuing officer adds — is the number of the ticket or citation. Each ticket states at the bottom in bold, red, uppercase letters: **COMPLAINT**. There is no doubt that the traffic ticket also functions as the criminal complaint in vehicle and traffic cases.

[6] "In the Virgin Islands, the Attorney General of the United States Virgin Islands, aided by assistant attorneys general, prosecutes crimes and other petty offenses against the laws of the Virgin Islands." *People v. Melendez*, SX-16-RV-003, 2017 V.I. LEXIS 49, at *11 (Super. Ct. App. Div. Mar. 22, 2017). However, that in implementing a Magistrate Division, the Legislature directed that the issuing officer — who in many instances is a police officer with the Virgin Islands Police Department — "*shall* present the case" and that the presentation of the case is considered a "hearing," not a trial. 4 V.I.C. § 123(d) (emphasis added). "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *In re: Joseph*, 65 V.I. 217, 228-29 (citation, quotation marks, and brackets omitted). Shall normally suggests something mandatory not discretionary. *See Shoy v. People*, 55 V.I. 919, 927 (V.I. 2011). A hearing is not the same as a trial. *See Spencer v. Navarro*, S. Ct. Civ. NO. 2007-69, 2009 V.I. Supreme LEXIS 25, at *7-8 (V.I. Apr. 8, 2009). Cf. *Callicoat v. Callicoat*, 657 N.E.2d 874, 875 (Ohio Common Pleas Ct. 1994) ("It must be presumed that the legislature was aware of the distinction between a hearing and a trial."). *But cf. In re: Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550, 554 (1990) ("[W]e are not convinced that there is much of a difference between a hearing and a trial. Evidence is presented 2 [*sic*] in both proceedings and questions of law are determined. Parties are required to prove facts and to establish that they have been aggrieved and that the law gives them a remedy."). The impact (if any) from these changes is not raised here. Nonetheless, the Court notes that a prosecuting attorney presented the case against Dennie, not the officer who issued the ticket to him.

to dismiss traffic ticket before trial and sought review of the denial of his motion on appeal).

 The issue here is that Dennie did not raise any objection to the traffic ticket before trial. The accident occurred on January 11, 2014. Presumably, the issuing officer issued the ticket to Dennie the same day, informing him that he might be charged with negligent driving. The ticket was sworn to on February 13, 2014 and filed in the Superior Court the same day. Once sworn and filed, the ticket became the complaint. Trial was calendared for, and began on, February 27, 2014. At no point before, during, or after trial — except now on review — did Dennie object to the "wrongful issuance of a moving violation ticket" to him. (Pet'r's Br. 5.) Instead, he raises this objection for the first time on review. "[A]bsent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal." *Moore v. Walters*, 61 V.I. 502, 510 (V.I. 2014) (quotation marks and citation omitted). Generally-speaking, exceptional or compelling circumstances are present only when " 'public interest requires that the issues be heard or manifest injustice would result from the failure to consider such issues.' " *Id.* (quoting *V.I. Port Authority v. Joseph*, 49 V.I. 424, 428 (V.I. 2008)). No exceptional or compelling circumstances are present here. Consequently, the issue is waived.[7]

---

[7] Even if it were not waived, the Court would still reject Dennie's claim. *Cf. Hodge v. Bluebeard's Castle*, 62 V.I. 671, 699 n.16 (V.I. 2015) (finding argument waived but still addressing why it would have been rejected if not waived). Dennie's argument — that it "defies logic for any reasonable mind to believe" the police officer's determination and, thus, there must be "more than a scintilla" and not "mere surmise or suspicion," (Pet'r's Br. 3, 4) — itself defies logic. Criminal charges are always brought based on opinion and suspicion, not a wing and a prayer or a hunch and clue, but upon reasonable investigation and determination by law enforcement officers. The opinions and suspicions of law enforcement officers must be supported by probable cause, however. But if Dennie's view were the law — that a law enforcement "[o]fficer's opinion or suspicion is insufficient to support the issuance of the traffic ticket," *id.* at 1 — then every charging document in a criminal case (since the traffic ticket is the complaint) would have to include "evidence to support the [o]fficer's belief." *Id.* at 5. A grand jury issues an indictment based on evidence. *See United States v. Calandra*, 414 U.S. 338, 344-45, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974) ("The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered."). But an information or a complaint does not have to be supported by evidence before it is filed in court. Once the charging document is sworn, or supported by affidavits, it suffices to commence a criminal action. If the charge is unsupported by probable cause or (in traffic cases) if the defendant disputes the "validity or regu-

## B. Sufficiency of the Evidence

■ In his second point, Dennie challenges the sufficiency of the evidence. "In determining whether there was sufficient evidence to sustain a conviction . . . appellate courts view the evidence in the light most favorable to the prosecution." *David*, 2016 V.I. LEXIS 15, at *11-12 (citing *Boston v. People*, 56 V.I. 634, 641-42 (V.I. 2012)). Citing to the transcript of the trial, Dennie notes that the testimony shows that the

> [d]amages to Ms. Matthew's car include the front bumper, side view mirror[,] front tire and rim on the passenger side of her car. Such damages reasonably indicate a forward projection impact. Such damages are also not inconsistent with the driver's loss of control of the vehicle. Both testimony and physical evidence point to only logical conclusion that it's Ms. Matthew's vehicle that collided into Petitioner's van.

(Pet'r's Br. 6-7 (internal citation omitted).) Dennie further notes the discrepancy between the report Officer Smith prepared after the incident — which was not admitted into evidence — and her testimony in court. But he concludes that the "accident report detailing the measurements and locations of key physical evidence at the scene is the right information and evidence to be collected and preserved and from which the correct determination can be made." *Id.* at 6.

■ Dennie may be correct that the right information and evidence that should be collected and documented in traffic cases includes reasonably accurate measurements of the scene and a general determination of the probable point of impact. But courts are not concerned with "ideal" evidence, which is, essentially, what Dennie is driving at. *See, e.g., People v. Hintz*, 69 Mich. App. 207, 244 N.W.2d 414, 421 (1976) ("Such ideal evidence of a conspiracy is rarely found. The prosecutor must, perforce, rely upon circumstantial evidence and reasonable inferences drawn from proven facts to make his case."): *accord Brasher v. Sandoz Pharms. Corp.*, 160 F. Supp. 2d 1291, 1298 (N.D. Ala. 2001) ("While an

---

larity of the complaint or process issued," he or she can object "before trial." SUPER. CT. R. 156(d). Dennie did not object and even if he had, the objection would have lacked merit because Officer Smith swore to the facts alleged in the ticket/complaint. That was sufficient to put Dennie on notice that he was accused of driving negligently on January 11, 2014 on David Oliver Drive on St. Croix by failing to stay as far left as possible. So, even if Dennie did not waive this argument, it would be rejected.

epidemiological study may be the best or ideal evidence, *Daubert* requires only that reliable evidence be presented."). Evidence is admissible if it is relevant and not unduly prejudicial. Cf. *Castillo v. People*, 59 V.I. 240, 279 (V.I. 2013) ("Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.' Generally all relevant evidence is admissible and irrelevant evidence is inadmissible." (citing FED. R. EVID. 403) (footnote omitted)); *accord* V.I. R. EVID. 401; V.I. R. EVID. 403.

The photograph taken of the scene shortly after the collision was relevant as were the photographs of the damage to Matthew's car. The testimony of the officer who arrived on the scene shortly thereafter was also relevant as was the testimony of the drivers of the vehicles involved in the collision. Dennie does have a point, however, insofar as Officer Smith made a mistake on her report. She admitted during trial that her measurements were taken from south side of the road, not from the north side as her report indicated. She also admitted that she did not measure the distance between Dennie's van and Matthew's car after she arrived on the scene or determine where the collision occurred. She did not subpoena Andrews — the only other person who was in the area at the time — to appear and testify. But Dennie could have subpoenaed him too or even called an expert witness in his defense to refute the conclusions Smith made in her report.

 "Negligent driving in violation of section 503 of title 20 of the Virgin Islands Code requires finding beyond a reasonable doubt that a person 'operated a motor vehicle in a negligent manner over and along the public highways in such a manner as to endanger or be likely to endanger any person or property.' " *People v. Joseph*, SX-15-RV-006, 2016 V.I. LEXIS 5, at *8 (Super. Ct. App. Div. Jan. 19, 2016) (quoting 20 V.I.C. § 503) (brackets and ellipsis omitted). To prove someone guilty of negligent driving, the evidence must show that the defendant was " '(1) operating a vehicle in a negligent manner, (2) over and along a public highway of this Territory, and (3) in such a manner as to endanger or be likely to endanger any person or property.' " *Id.* (quoting *Gov't of the V.I. v. Smith*, 45 V.I. 293, 298 (Terr. Ct. 2003), and citing *Poleon v. Gov't of the V.I.*, 184 F. Supp. 2d 428, 433 (D.V.I. App. Div. 2002)).

 The Court concludes that the evidence was sufficient beyond a reasonable doubt to prove that Dennie drove negligently in violation of

section 503 of title 20 of the Virgin Islands Code. Smith, Matthew, and Dennie testified and photographs taken after the collision of the scene and of the damage to Matthew's car were admitted into evidence. Their testimony and the photographs were competent evidence for the trial court to make its determination. Matthew testified that, as she turned the corner, she encountered Dennie in the middle of the road. She tried to stay as far left as possible. She even drove off the road and onto the grass to avoid hitting Dennie or the trash cans placed outside a nearby house. However, the vehicles still collided. Officer Smith corroborated Matthew's testimony that her car drove off the road, stating that she observed tracks in the grass. Dennie disputes that he was operating his van in a negligent manner and in such a way that he did or could have endangered a person or property. Notwithstanding Dennie's arguments, the Magistrate Court credited Matthew's version and concluded that Dennie was at fault. "Conflicts in witness testimony are resolved by the fact-finder at trial and not by courts on appeal." *David*, 2016 V.I. LEXIS 15, at *21 (citing *Moore*, 61 V.I. at 508). Thus, the Court concludes that the evidence — when viewed on appeal "in the light most favorable to the People," *Galloway*, 57 V.I. at 699 (citation omitted) — supports that determination. Virgin Islands law requires that "[a]ll drivers and riders . . . keep to their left on the road, or street, where they meet . . . [and all p]ersons driving around corners leading to the right . . . make a wide turn, entering the street or road on the left side." 23 V.I.C. § 163. The Magistrate Court accepted Matthew's version of what occurred. This Court "must defer to the credibility decision made by the factfinder, whether it be the judge or the jury." *See Moore*, 61 V.I. at 508. Dennie's challenge to the sufficiency of the evidence — and what kind of evidence should have been presented — are rejected.

### C. Findings of Fact and Conclusions of Law

In his last point, Dennie claims that the Magistrate Court erred because it did not " 'find the facts specifically [sic] and state separately its conclusion of law thereon.' " (Pet'r's Br. 7 (quoting *H. Prang Trucking Co., Inc. v. Local Union No. 469*, 613 F.2d 1235, 1238 (3d Cir. 1980)).) If this were a civil action, Dennie's claim might have merit.

*Prang* is not relevant to this case. *Prang* concerned an appeal in a civil case from a judgment denying both a preliminary and permanent injunction in a case brought pursuant to the Labor Management Relations

Act. *See* 613 F.2d at 1236 (citing 28 U.S.C. § 185). The United States Court of Appeals for the Third Circuit was compelled to remand the case to the trial court because the court's findings were "inadequate . . . to permit meaningful review." *Id.* at 1239. The court held that

> [t]he requirement that the trial court make its findings . . . is mandatory. In reviewing the judgment of a trial court, an appellate court may vacate the judgment and remand the case for findings if the trial court has failed to make findings when they are required or if the findings it has made are not sufficient for a clear understanding of the basis of the decision. . . . [T]he requirement . . . is not satisfied by the statement of the ultimate fact without the subordinate factual foundations for it which also must be the subject of specific findings. Subordinate findings . . . may not be left unarticulated. If they actually were reached in the process of arriving at the ultimate factual conclusion, they must be stated. If they did not enter into the process by which the ultimate factual finding was made, then it was without any supporting foundation. In either case, therefore, it is necessary that the trial court specify these subordinate facts upon which the ultimate factual conclusion must rest.

*Id.* at 1238 (quotation marks, citations, paragraph breaks and indentations omitted).

 The conclusion in *Prang* — as Dennie acknowledges in his brief — was based on Federal Rule of Civil Procedure 52(a). If this were a civil case, *Prang* may be persuasive. But this is not a civil case. It is a criminal case. That said, courts always have to explain their reasoning, even in criminal cases. *See Rieara v. People*, 57 V.I. 659, 668 (V.I. 2012) ("While we apply an abuse-of-discretion standard to the trial court's decisions concerning release on bail and the sufficiency of the sureties, and review its factual findings only for clear error, meaningful review is not possible where the trial court fails to sufficiently explain its reasoning."); *People v. Velasquez*, 62 V.I. 3, 8 (Super. Ct. 2014) (citing *Rieara*, 57 V.I. at 668). However, because in criminal cases tried by juries, the jury does not explain its verdict but simply returns it, it follows that in a bench trial, the court also need not (or perhaps should not) explain its verdict. *Compare Robinson v. State*, 466 S.W.3d 166, 173 (Tex. Crim. App. 2015) ("[T]he common law for criminal cases did not permit findings of fact and conclusions of law after a bench trial, so there is no historical basis for

157

permitting them in the absence of statutory authority."), *and State v. Brown*, 2011-Ohio-1041, ¶ 42 (Ct. App.) ("The Ohio Rules of Criminal Procedure do not contain a mechanism whereby a trial court may journalize findings of fact and conclusions of law in a bench trial after the court has issued its final judgment."), *with Westbrook v. Curtin*, 2015 U.S. Dist. LEXIS 90185, at *11 (E.D. Mich. July 13, 2015) ("Under Michigan law, a judge presiding over a criminal bench trial is required to make findings of fact and conclusions of law." (citing *People v. Shields*, 558, 200 Mich. App. 554, 504 N.W.2d 711 (1993)). While it may be necessary for a court to give its reasoning on point of law, even in criminal cases, before rendering a verdict, there is no requirement in the Virgin Islands that the court issue findings of fact and conclusions of law in support of the judgment it renders in a criminal case following a bench trial. *But cf.* FED. R. CRIM. P. 23(c) (findings authorized in bench trials if requested before verdict) ("In a case tried without a jury, the court must find the defendant guilty or not guilty. *If a party requests before the finding* of guilty or not guilty, the court must state its specific findings of fact *in open court or in a written decision or opinion*." (emphasis added)).

 Even if Dennie were correct, his last claim is moot because the trial court did, in fact, explain its reasoning. In its Judgment and Sentence, the Magistrate Court explained why it found Dennie guilty:

> This Court finds that the testimony of Mrs. Matthew and Officer Smith is the more credible version of what actually occurred. This Court finds, beyond a reasonable doubt, that the Defendant was in fact in the middle of the road and Mrs. Matthew was coming down the same road on the left-hand side and tried to avoid the van coming down the middle of the road. Although her vehicle was forced off the southern edge of the road she was still not able to prevent the Defendant's vehicle from making contact with her vehicle.

(Jgmt 2, entered Mar. 21, 2017.) Of course, Dennie filed his brief before the Judgment issued. So his claim, that the Magistrate Court failed to explain its reasoning, was premature. Now, it is moot.

Dennie filed for review in 2014, before the Clerk of the Superior Court implemented a new procedure the next year for the Appellate Division. *See Ortiz v. People*, 66 V.I. 124, 140 (Super. Ct. App. Div. 2017) ("It was not until 2015 that the then-Acting Clerk decided that a 'review filed with

the Appellate Division on appeal from the Magistrate Division would be assigned a new case number.' " (quoting *David*, 2016 V.I. LEXIS 15, at *1 n.1) (brackets omitted)). Even if there was error here — that is, whether the trial court in a criminal case should or should not explain its verdict after a bench trial — the Court cannot grant Dennie relief.

The Court cannot remand for the Magistrate Court to state its findings. That has already happened. Even if it was error for the Magistrate Court to state its findings after rendering its verdict — *cf. Brown*, 2011-Ohio-1041 at ¶ 42 (" 'Separate findings of fact and conclusions of law are neither countenanced nor permitted; therefore, a trial court's reasoning *after* a general finding of guilt is mere surplusage without legal significance sufficient to impeach the general findings of guilt.' " (quoting *State v. Cattledge*, 2010-Ohio-4953, ¶ 26 (Ct. App. 1986) (brackets omitted) (emphasis added)) — the error is harmless here because appellate courts review evidence for its sufficiency independent of the determinations by the fact-finder. *Cf United States v. Singleton*, 702 F.2d 1182, 1183, 226 U.S. App. D.C. 422 (D.C. Cir. 1983) (*per curiam*) (*en banc*) ("[W]e do not defer to the district court, because we must make our own independent judgment regarding the sufficiency of evidence."); *cf. Powell v. People*, 59 V.I. 444, 457-58 (V.I. 2013). Errors raised on review can be rendered moot by subsequent events. *See, e.g., Murrell v. People*, 54 V.I. 327, 333 (V.I. 2010); *Thomas v. People*, 56 V.I. 647, 659 n.19 (V.I. 2012); *accord Der Weer v. Hess Oil V.I. Corp.*, 60 V.I 91, 98-99 (Super. Ct. 2014). The Court concludes that Dennie's claim was rendered moot after the Magistrate Court stated its findings.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Court's March 21, 2017 Judgment and Sentence will be affirmed. A separate order follows.