## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

FIRSTBANK PUERTO RICO

APPELLANT/DEFENDANT,

v.

THOMAS ALAN AINGER,

APPELLEE/PLAINTIFF.

Civil No. SX-20-RV-00004

Originating Case No. SX-19-SM-139

CITED AS: 2020 VI SUPER 47P

**Appearances:**

**Carol Ann Rich, Esq.**
**Malorie Winne Diaz, Esq.**
Dudley Rich LLP
5194 Dronningens Gade, Suite 3
St. Thomas, USVI 00802
*Attorneys for Appellant*

**Lee J. Rohn, Esq.**
**Rhea Lawrence, Esq.**
1108 King Street, Suite 3
Christiansted, St. Croix
U.S. Virgin Islands, 00820
*Attorneys for Appellee*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶1    **THIS MATTER** comes before the Appellate Division based on an Appeal as of Right from of the Judgment of the Magistrate Division for Thomas Alan Ainger (hereinafter "Ainger") filed by FirstBank Puerto Rico (hereinafter "FirstBank") on March 10, 2020. For the reasons stated herein, the Court will **VACATE** and **REMAND** to the Magistrate Division.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶2      The Magistrate Division entered judgment on March 5, 2020. On July 14, 2020, the Court ordered that Firstbank's Motion for a copy of Exhibits to be entered into evidence was granted. On July 23, 2020, the Court denied FirstBank's Motion to Stay Pending Appeal and denied FirstBank's request for waiver of the appeal bond as moot for failure to show good cause. On August 3, 3030 FirstBank filed their Brief and Appendix to Brief. The Court later granted FirstBank's Motion to Stay Enforcement of the March 5, 2020 judgment pending appeal and waived the posting of bond on August 11, 2020. The Court granted a Motion for Extension of Time on September 3, 2020.

¶3      On September 3, 2020, the Court ordered that Appellee (hereinafter "Ainger") file his brief on or before October 30, 2020. Ainger's brief was filed on November 2, 2020. FirstBank filed their Reply Brief on November 12, 2020.  The Court ordered the case caption to be amended on February 16, 2021 to reflect the real parties of interest. Firstbank's Motion reflected their agreement to change the caption to reflect FirstBank Puerto Rico as the real party of interest and the Court granted their Motion on February 16, 2020.

¶4      The first proceeding was held on January 22, 2020. (APP-000033). Plaintiff, Thomas Ainger (hereinafter "Ainger") appeared with his wife, Elizabeth Kliesch ("Kliesch"). Kliesch addressed the Court. (APP-000034). Kliesch testified there was an insurance claim relating to Hurricane Maria that had not been resolved between herself, Ainger, and FirstBank and First

Insurance. (APP-000034). Kliesch testified that FirstBank force placed insurance despite the fact that there was already insurance on the property.[1] (APP-000035).

¶5     Kliesch further stated that the force placed insurance was for the amount of $5,712.28 but had a deductible of $5,000. (APP-000036). For FirstBank, Dorothy Bonit (hereinafter "Bonit") appeared as insurance relationship officer. (AP-000038). Bonit stated that she was only speaking on behalf of the FirstBank Insurance Agency as to what role they play. (APP-000039). The trial court noted that the Summons said FirstBank Virgin Islands, et al. (APP-000041).

¶6     However, Bonit was only speaking for the agency, FirstBank Insurance. The trial court explained that if the company needs to hire a representative to represent them, they should do so and have that person come prepared. (APP-000042). The trial court also stated that if FirstBank needed more time, they should have asked for it. (APP-000043). Therefore, the Court had to reschedule the matter for a time where the correct representatives were present. (APP-000043).

¶7     The second hearing was held on February 27, 2020. The Court stated on the record that Kliesch did withdraw as a plaintiff. (APP-000050). Bonit appeared for FirstBank as insurance relationship officer. (APP-000051). Kliesch withdrew as a Plaintiff and the Notice of Withdrawal was served upon FirstBank on February 27, 2020; prior to the start of the proceedings.[2] The Court made note of this on the record when the Court stated to Plaintiff that Kliesch should be the first witness called to be permitted to stay in the Courtroom. (APP-000050).

---

[1] Force-placed insurance is insurance on your property placed by your bank/lender.
[2] *See* V.I. SM. CL. R. Rule 4 (b)(1)(A). At the outset of proceedings on the return date the court shall address the parties orally, advising them that: (A) Counsel are not permitted in Small Claims Proceedings. At the first proceeding on January 22, 2020, Klisech was listed as a Plaintiff in this matter.

¶8      The Magistrate Division found, upon consideration of the testimony and evidence that was presented, that Plaintiff did have valid property insurance through his condominium association. (*See* Judgment, APP-0000010). The Court additionally found that Defendant acted in bad faith by failing to provide Defendant with the report of the insurance adjuster who assessed the damages to the property, and by failing to provide Defendant with an accounting of the funds collected by the bank as payment for the force-placed insurance. (*See* Judgment, APP-0000010).

¶9      Ultimately, the Court found that Defendant's conduct constituted a deceptive or unfair business practice under the laws of the Virgin Islands, and specifically under 12A V.I.C. § 304. (*See* Judgment, APP-0000010). The Court awarded punitive damages in the amount of $10,000.00, plus $100.00 in court costs. (*See* Judgment, APP-0000010 p.2).

¶10     The issues before the Court for resolution are as follows: (1) Whether the hearing and Magistrate Order provided substantial justice between the parties in accordance with Virgin Islands Small Claims Rules and comported with due process? (2) Whether the Real Estate Settlement Procedures Act governs force placed insurance for a mortgaged property and whether it should be waived because it was not raised at the trial level?

¶11     (3) Whether the Virgin Islands Consumer Fraud and Deceptive Business Practice Act should have been applied by the Magistrate to these factual circumstances? (4) Whether under the "right result wrong reason" doctrine, the appellate court may affirm the judgment that FirstBank violated the V.I. Consumer Fraud and Deceptive Business Practice Act?

## II.     DISCUSSION

¶12     The Superior Court has jurisdiction to review the orders and judgments issued by a

Magistrate. 4 V.I.C. §125. On review, the Superior Court adheres to the standards of an appellate

court. V.I. Super. Ct. R. 322.3(b). Factual determinations are to be reviewed for clear error and

legal findings, statements of law, and the application thereof, are to be afforded plenary review.

*See* V.I. Super. Ct. R. 322.3(b) (1-2). On review, the appellate court "must address each of the

errors the parties address in their briefs, except any errors that have been waived." *Dennie*, V.I.

2017 V.I. LEXIS 71 at 7. An appellate court can either affirm or reverse the magistrate court or

remand where appropriate. *Williams v. Bellot*, Case No. SX-17-RV-001, 2019 WL 626177 (V.I.

Super. Feb. 11, 2019).

   a. <u>Whether the hearing and Magistrate Order provided substantial justice between the
   parties in accordance with Virgin Islands Small Claims Rules and comported with due
   process?</u>

¶13     Ainger contends that FirstBank waived the right to a jury trial and the right to counsel.

(Appellee Brief p.8). Basically, Ainger contends that due to not requesting a transfer under V.I.

SM. CL. R. 2(c)(2) that the issue of denial of due process was waived. (Appellee Brief p.8).

Whereas FirstBank contends that the Magistrate did not comply with Virgin Islands Small

Claims Rules because oral advice of rights was not given pursuant to V.I. SM. CL. R. 4(b).[3]

(Appellant's Brief p.13).

---

[3] (1) Oral Advice of Rights to the Parties. At the outset of proceedings on the return date the court shall address the parties orally, advising them that:
(A) counsel are not permitted in Small Claims proceedings;

¶14    The Magistrate Division's legal conclusions are reviewed under a plenary standard—and plenary means a complete or entire review with sufficient analysis of the record, *See Browne v. Gore*, 54 V.I. 195, 202-03 (Super. Ct. 2011) ("Plenary means full; complete; entire, and with the power to conduct plenary review goes the responsibility to conduct it. The Court must provide sufficient analysis to demonstrate that it has truly performed a full review of the record, including the evidence.") *Ferris v. Withey*, 2014 V.I. LEXIS 48 (Super. Ct. 2014) (quoting *Huang v. Attorney General of the United States*, 620 F.3d 372, 388 (3d. Cir. 2010)).

¶15    According to V.I. SM. CL.R. Rule 4 (5), "the court shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by the statutes or rules governing practice, procedure, pleadings, or evidence, except those statutes and rules relating to privileged communications and the swearing of parties and witnesses. All proceedings shall be recorded, either electronically or stenographically."

¶16    In the first proceeding that took place on January 22, 2020, Kliesch who is also an attorney on St. Croix, did in fact take part in the proceeding. (APP-000034). However, Kliesch withdrew as a Plaintiff and the Notice of Withdrawal was served upon FirstBank on February 27, 2020; prior to the start of the proceedings.[4] The Court made note of this on the record when the Court stated to Plaintiff that Kliesch should be the first witness called to be permitted to stay in

---

(B) no jury trial is available;
(C) the defendant has an automatic right to request transfer of the action to the Civil Division of the defendant has filed an answer, counterclaim, or a claim of set-off recoupment; and
(E) failure of a party to make a request before trial of transfer to the Civil Division will be a waiver of the right to counsel and the right to a jury trial.
[4] *See* V.I. SM. CL. R. Rule 4 (b)(1)(A). At the outset of proceedings on the return date the court shall address the parties orally, advising them that: (A) Counsel are not permitted in Small Claims Proceedings. At the first proceeding on January 22, 2020, Kliesch was listed as a Plaintiff in this matter.

the Courtroom. (APP-000050). Kliesch only took part as a witness and not as a Plaintiff. Therefore, FirstBank's argument that this was an abuse of the trial court's discretion is not persuasive on this Court.

¶17    However, the Court does find that the Magistrate Division violated the Virgin Islands Small Claims Rules when it failed to properly give an advice of rights before the proceeding. The requirements are really quite simple when complying with V.I. SM. CL. R. 4(b)(1). This requirement is for the benefit of the public, and without it, the efficiency of this Court's docket will be delayed.[5] Again, it is quite simple, if the Magistrate Division addresses the parties with their advice of rights; that is sufficient to comply. Therefore, the Court agrees with FirstBank on this issue. Nevertheless, because this matter will be remanded to the Magistrate Division, the Court trusts that the oral advice of rights will be given then.[6] This Court does not agree with any of FirstBank's other arguments that due process was violated and finds those arguments without merit.[7]

¶18    Thus, the Court finds the Magistrate Division failing to give the Oral Advice of Rights pursuant to V.I.SM. CL. R. 4(b)(1) will be remedied at the new hearing on this matter.

---

[5] The Advisory Committee Notes explain that Rule 4(b)(1) provides additional protection for the rights of the parties.
[6] The Court finds that because a finding on another issue discussed later in the Memorandum may require a hearing, the Court trusts that the Magistrate Judge will comply with 4(b)(1).
[7] FirstBank's argument that there was a violation of due process due to Elizabeth Kliesch signing the Complaint is without merit because the Court has found it to be harmless.

b. <u>Whether the Real Estate Settlement Procedures Act governs force placed insurance for a mortgaged property and whether it should be waived because it was not raised at the trial level?</u>

¶19    FirstBank alleges that the Real Estate Settlement Procedures Act (hereinafter "RESPA") should apply because federal law would pre-empt state law claims. (Appellant's Brief p.15). May this Court remind FirstBank that if they wanted to raise this argument it should have been raised at the trial level of the Magistrate Division to be considered on appeal.[8] "Absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal." *Dennie v. People of the Virgin Islands*, 66 V.I. 143 (Super. Ct. 2017) (citing *Moore v. Walters*, 61 V.I. 502, 510 (V.I. 2014)).

¶20    Exceptional circumstances exist when "public interest requires that the issues be heard, or manifest injustice would result from the failure to consider such issues." *Moore v. Walters*, 61 V.I. 502, 510 (V.I. 2014) (quoting *V.I. Port Authority v. Joseph*, 49 V.I. 424, 428 (V.I. 2008)). No exceptional or compelling circumstances are present here, thus, this argument has been waived.

c. <u>Whether the Virgin Islands Consumer Fraud and Deceptive Business Practice Act should have been applied by the Magistrate to these factual circumstances?</u>

¶21    FirstBank contends that the judge improperly invoked the Virgin Islands Consumer Fraud and Deceptive Business Practice Act (hereinafter "VICPA") at the trial because it was never mentioned in the Complaint.

---

[8] "If the Appellate Division of the Superior Court determines that an appellant has waived any of the arguments raised in the brief, it should so indicate." *See Gardiner v. Diaz*, 58 V.I. 199, 205 n. 5 (V.I. 2013).

¶22    The VICPA shall be liberally construed to protect the consuming public from deceptive and unfair acts or practices in the conduct of any trade or commerce.[9] However, the definition of "deceptive business practice" under the VICPA does not align with the practice of force placing insurance.[10] In turn, "trade or commerce" as defined by the VICPA, means the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other articles, commodity, or thing of value wherever situated."

¶23    The United States Virgin Islands Office of the Lieutenant Governor Division of Banking, Insurance and Financial Regulation published a brochure after Hurricanes Irma and Maria for the public to better understand what force-place insurance is.[11] Force-placed insurance is insurance on your property placed by your bank/lender.[12] Basically, if you fail to insure your home in the amounts and for the periods the lender requires, they can force-place you.[13] Although the Magistrate Division found there was bad faith on behalf of FirstBank's practices, the VICPA does not cover force-placed insurance because it isn't something included in the definition of "trade or commerce" under the VICPA.

¶24    Thus, the Court disagrees with the Magistrate Division that under the VICPA, FirstBank can be held liable for its practices. Since the Court is vacating and remanding back to the

---

[9] *See* 2006 V.I. Bill 166 § 302.

[10] *Id.* (e) "Deceptive business practice" means any false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind made in connection with the sale, lease, rental, or loan of consumer goods or services, or in the extension of consumer credit or in the collection of consumer debts which has the capacity, tendency or effect of deceiving or misleading consumers."

[11] *See* ltg.gov.vi, Force Placed Bank Version-2019.

[12] *Id.*

[13] *Id.*

Magistrate Division the Court trusts that the trial court will properly enter judgment for the correct reason.

d. (1) Whether the Court erred in finding that FirstBank breached a duty owed to Ainger and (2) whether under the "right result wrong reason" doctrine, the appellate court may affirm the judgment in favor of Ainger?

¶25     "It is well established that, under the 'right result, wrong reason' doctrine, where the record otherwise supports the trial court's judgment, an appellate court may affirm that judgment for reasons other than those relied upon by the trial court, even if the trial court's reasons are erroneous." [14] Accordingly, if the lower court reached the right result, albeit for the wrong reasons, the Superior Court can nonetheless affirm.

¶26     The Court agrees with Ainger that 22 V.I.C. § 1201(a) would be the appropriate law to hold FirstBank liable under.[15] However, the only case law that addresses 22 V.I.C. § 1201(a) was in *Charleswell*, where the Plaintiff alleged with respect to their breach of fiduciary duty claim; that the statute was violated.[16] The Plaintiff's also brought an action in negligence. Similarly to here, the Defendants in *Charleswell* argued that there was not an independent duty owed to plaintiffs regarding property insurance separate from the contractual duties set forth in the mortgage contracts.

---

[14] *Baumann v. Public Employees Relations Board*, 68 V.I. 304 (Super. Ct. 2018) (citing *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 438 n.23 (V.I. 2016)).

[15] *See* 22 V.I.C. § 1201(a) Unfair Practices in General. "No person engaged in business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (b) of this section."

[16] *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F.Supp. 2d 545 (V.I. Dist. 2004).

¶27    Here, the Complaint does not show any indication that Ainger intended to hold FirstBank liable under a breach of fiduciary duty claim. (*See* Small Claims Complaint or APP-000019). If anything, the Complaint only alleged that FirstBank was liable on a theory of negligence for their failure to remove the insurance coverage. *Id.* Nevertheless, FirstBank's contention that they did not owe a duty to Ainger is unpersuasive.[17] The Court agrees with Ainger's argument that *Charleswell* interpreted 22 V.I.C. § 1201(a) to include insurers, insurance brokers or both.[18] The Complaint alleged that FirstBank force-placed insurance on Plaintiff's property and that it was billed to Plaintiffs. (See Pl.'s Complaint). This would make Plaintiffs the insured and FirstBank the insurers like in *Charleswell*. Further, the Court in *Charleswell* held that the insurers breached their duties under 22 V.I.C. § 1201(a) to refrain from unfair practices.[19] The Court will hold similarly here.

¶28    The Court finds this appropriate because upon consideration of the testimony and evidence that was presented and the theory of negligence alleged in the Complaint, FirstBank had a duty to refrain from unfair practices under 22 V.I.C. § 1201(a). Ainger did have valid property insurance through his condominium association. (*See* Pl.'s Ex. 1). Ainger was charged

---

[17] The Court combined the issue of whether FirstBank owed a duty to Ainger due to the fact that the Complaint clearly shows that Plaintiff alleged FirstBank "neglected" to remove the coverage; this shows an allegation of negligence. (*See* Complaint).
[18] The Virgin Islands Code defines an insurer as "a corporation or association which is engaged as principal in the business of making contracts of insurance." 22 V.I.C. § 4. "Insurance is a contract whereby one party undertakes to indemnify another for loss, damage or liability, or to pay or provide a specified or ascertainable benefit, upon determinable contingencies." 22 V.I.C. § 5.
[19] Similar to the argument Defendants made here, the Defendants in *Charleswell* argued that the Defendants were not insurers. This was rejected. For example, the Court said that Plaintiff operated as the insured and Defendants operated as the insurers.

for the force-placed insurance because two escrow disclosure statements and one mortgage statement show charges of hazard insurance. (*See* Pl.'s Ex. 2).[20]

¶29    Further, Ainger tried to contact FirstBank to resolve the matter by e-mailing copies of documents to prove they had insurance in place. (*See* Pl.'s Ex.'s 3, 4, 5, 6, 7, 8). At many times, Ainger was referred to another representative and there were continuous delays to Ainger's inquiries about the force-placed insurance; albeit this was unfair to Ainger who was trying to point out FirstBank's mistakes and was still paying for them to FirstBank.[21] *Id.* Therefore, the Court finds that FirstBank breached their duty as insurers to Ainger under 22 V.I.C. § 1201(a) for these reasons. Thus, the Court will **AFFIRM** the Magistrate Division's decision to hold FirstBank liable, but it will do so under 22 V.I.C. § 1201(a).

  e.  Whether the Magistrate Division acted wrongfully when punitive damages were *sua sponte* awarded?

¶30    Lastly, the Court will address an issue of first impression. The Magistrate Division found that this was an exceptional case and awarded punitive damages in the amount of $10,000. (APP-000091). FirstBank alleges that if punitive damages were not requested in the complaint then there is no basis in law or fact for awarding Ainger punitive damages. (*See* Appellant's Brief p. 22).

---

[20] The Chase Defendants in *Charleswell* allegedly breached this duty ('to procure or provide the agreed upon insurance as brokers or insurers') by failing to exercise reasonable care in the provision or procurement of insurance and failing to provide plaintiffs with the information they needed to determine their insurance coverage.
[21] In *Charleswell*, the Court held that as a proximate result of the alleged negligence, defendants were being unjustly enriched and received premium payments to which they were otherwise not entitled. The Court finds this persuasive to these circumstances. *See Charleswell v. Chase Manhattan Bank*, N.A., 308 F. Supp. 2d 545 (D.V.I. 2004).

¶31    A basic principle of punitive damages is 'damages awarded in case of serious or malicious wrongdoing to punish or deter the wrongdoer or deter others from behaving similarly—called also exemplary damages, smart money.' *Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 824 (V.I. 2017) (quoting MERRIAM-WEBSTER'S DICTIONARY OF LAW 120 (2005)).

¶32    This Court held in *Tutein v. Ford Motor Co.*, that because Plaintiff did not request for any special damages or punitive damages in his pleadings that it failed to give Defendants sufficient notice as to the nature of the unusual damages. *Tutein v. Ford Motor Co.*, 67 V.I. 144 (Super. Ct. 2016). This Court has not been keen on allowing punitive damages without sufficient notice because it '…promotes gamesmanship in pleading practices where a Plaintiff could remain silent in his/her pleadings…' [citations omitted]. *Id.*

¶33    Here, the Court sees the potential problem with having a Magistrate *sua sponte* surprise parties with an award of punitive damages. The Virgin Islands Superior Court has consistently held that "entitlement to punitive damages requires something more than knowledge of, and failure to act on, possibility or probability of injury on the part of the defendant." *Melchior v. Univ. of the V.I.*, 2016 V.I. LEXIS 56 (Super. Ct. 2016) (citing *Marian v. Fraser*, 2014 V.I. LEXIS 19 (Super. Ct. 2014)). Having a Magistrate determine when a party is entitled to that standard is arbitrary and confusing to the public eye. It is hard enough to understand entitlement to damages in civil proceedings and allowing a *sua sponte* surprise contributes to an arbitrariness that has no place in this Court.

¶34    Therefore, the Court agrees that damages are appropriate but will **VACATE** the

Magistrate Division's judgment and **REMAND** to re-determine damages and enter judgment

against the proper Appellant/Defendant.[22]

It is hereby:

**ORDERED** the Magistrate's Judgment is **VACATED**, it is further

**ORDERED** this matter is **REMANDED** to the Magistrate Division to re-determine the

value of damages against FirstBank and enter judgment against the proper

Appellant/Defendant.

**DONE** and so **ORDERED** this ___12th___ day of ___May___, 2021.

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

ATTEST:
TAMARA CHARLES
Clerk of the Court
By: _____
Court Clerk III
Dated: ___5/12/2021___

---

[22] Since the case caption was amended judgment will need to be entered against FirstBank Puerto Rico.

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

**FIRSTBANK PUERTO RICO**

APPELLANT/DEFENDANT,

V.

**THOMAS ALAN AINGER,**

APPELLEE/PLAINTIFF.

Civil No. SX-20-RV-00004

Originating Case No. SX-19-SM-139

CITED AS: 2020 VI SUPER 47P

## ORDER

It is hereby:

**ORDERED** the Magistrate's Judgment is **VACATED**, it is further

**ORDERED** this matter is **REMANDED** to the Magistrate Division to re-determine the

value of damages against FirstBank and enter judgment against the proper

Appellant/Defendant.

May 12, 2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

ATTEST:
TAMARA CHARLES
Clerk of the Court
By: _____
Court Clerk III
Dated: 5/12/2021

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

**FIRSTBANK PUERTO RICO**
          APPELLANT/DEFENDANT,

      v.

**THOMAS ALAN AINGER,**
          APPELLEE/PLAINTIFF.

Civil No. SX-20-RV-00004

Originating Case No. SX-19-SM-139

CITED AS: 2021 VI SUPER 47

## ERRATA ORDER

**THIS MATTER** is before the Court *sua sponte* to correct one error in the May 12, 2021 Memorandum Opinion and Order. It is hereby:

**ORDERED** that the Opinion of the Court be **AMENDED** as to the following:

On Page 1, by replacing "2020 VI SUPER 47P" with "2021 VI SUPER 47."

It is hereby:

**ORDERED** that copies of this Order be directed to parties' counsel.

**DONE** and so **ORDERED** this ___18th___ day of ___May___, 2021.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

ATTEST:
Tamara Charles, Clerk of Court

Date: ___5/18/2021___

Clerk Supervisor